985 So.2d 709 (2008)
STATE of Louisiana
v.
Ray HATTON.
No. 2007-KA-2377.
Supreme Court of Louisiana.
July 1, 2008.
*711 James D. Caldwell, Attorney General, John F. DeRosier, District Attorney, Stephen Coppage Martin, Teri Russo Lacy, Assistant District Attorneys, for appellant.
The Law Firm of J. Rodney Baum, J. Rodney Baum, Baton Rouge, for appellee.
KIMBALL, J.
This matter is before us pursuant to this Court's appellate jurisdiction over cases in which a law or ordinance has been declared unconstitutional by the trial court. La. Const. art. V, § 5(D). The trial court granted defendant's Motion to Quash on the basis that La. R.S. 14:81.3(C)(3) violates La. Const. art. I, § 22, "Access to Courts," and La. Const. art. I, § 13, "Rights of the Accused." For the reasons that follow, the trial court's ruling granting defendant's Motion to Quash on the basis that La. R.S. 14:81.3(C)(3) is unconstitutional in violation of La. Const. art. I, § 22 and La. Const. art. I, § 13, was erroneous because those constitutional grounds were not properly before it. Accordingly, we reverse and vacate the trial court's ruling granting the defendant's Motion to Quash, and remand this matter to the trial court for further proceedings.

FACTS AND PROCEDURAL HISTORY
The facts essential to our discussion are as follows. Defendant, Ray Hatton, Jr., was arrested on October 11, 2005, and charged by a Bill of Information filed on October 27, 2005, with two counts of "Computer-Aided Solicitation for Sexual Purposes"[1] in violation of La. R.S. 14:81.3.[2] The charges arose out of an undercover *712 investigation initiated by the Internet Crimes Against Children Task Force of the Louisiana Department of Justice, Attorney General's Office. An undercover agent assigned to the Task Force entered an online chat room disguised as a fourteen (14) year old female named "Kay Kay." Shortly after entering the chat room, "Kay Kay" was contacted by a person later identified as defendant. The internet conversation between defendant and "Kay Kay" quickly turned sexual in nature and the two discussed the possibility of meeting. Defendant was subsequently arrested at an attempted meeting.
On November 14, 2005, defendant appeared with counsel in the Fourteenth Judicial District Court, Lake Charles, Louisiana and waived the reading of the bill, tendered a plea of not guilty, and elected a trial by jury. After discovery and several continuances at the request of defendant, trial was scheduled for October 9, 2007.[3] Prior to trial, on June 25, 2007, the defendant filed a Motion to Quash the Bill of *713 Information[4] on the basis that it failed to charge an offense punishable under a valid statute.[5] Specifically, defendant argued in his Motion to Quash that La. R.S. 14:81.3[6] violates the equal protection provisions set forth in La. Const. art. I, § 3[7] and infringes upon a criminal defendant's constitutional right to present a defense, contrary to the guarantees of the Sixth Amendment to the United States Constitution[8] and Louisiana Constitution Article I, Section 16.[9] The defendant's second argument, relating to his right to present a defense, was raised in the same document, his Motion to Quash, under the heading Memorandum in Support.[10]
In response, on July 2, 2007, the State filed a Memorandum in Opposition to the defendant's Motion to Quash Based on Equal Protection Grounds, challenging the equal protection and right to present a defense grounds asserted by defendant. The State contended that defendant's argument, *714 wherein defendant claimed the unavailability of the consent defense set forth in La. R.S. 14:81.3(C)(1) infringes upon his right to present a defense, was without merit. Specifically, the State argued that fundamental rights include the right to vote, to have access to the courts, and to travel. According to the State, no part of La. R.S. 14:81.3 infringes upon the defendant's right of access to the courts or his ability to present a defense.[11]
On July 11, 2007, the trial court held a hearing on the defendant's Motion to Quash. At this hearing, the trial court heard the arguments of the parties relating to the equal protection and right to present a defense claims set forth by the defendant. The defendant asserted that La. R.S. 14:81.3 gives a defense to some offenders, but takes it away from others and, therefore, impedes a defendant's right to present a defense guaranteed under the Sixth Amendment to the United States Constitution.[12] The State countered the defendant's argument by raising issues relating to the defendant's access to courts.[13] The trial court judge, however, stated that he would examine the matter and make a ruling the following week, on July 18, 2007.[14]
On July 18, 2007, with only the State being present at the hearing, the matter came on for ruling on the defendant's Motion to Quash. The defendant's equal protection claim was addressed, but the trial court issued no ruling on the Motion to Quash. Instead, the trial court ordered the matter re-fixed for July 30, 2007, and stated that the parties would be permitted to supplement their memorandums by July 25, 2007.
Following the July 18, 2007, hearing, the State filed, on July 23, 2007, a Second Supplemental Memorandum in Opposition to Defendant's Motion to Quash Based upon Equal Protection Grounds, adopting by reference its previous memorandums and attachments thereto, and reiterated the legitimate state interests rationally related *715 to La. R.S. 14:81.3, which it had set forth previously in its original opposition memorandum.
The defendant subsequently filed a Supplemental Memorandum in Support of Motion to Quash on October 22, 2007.[15] In addition to the aforementioned arguments presented in his original Motion to Quash, defendant raised not only the additional constitutional ground of violation of free speech under La. Const. art. I,[16] but also overbreadth and vagueness of La. R.S. 14:81.3 under the First and Fourteenth Amendments to the U.S. Constitution. Defendant claimed that La. R.S. 14:81.3 is unconstitutional on its face and as applied, and that no part of the statute can be severed to cure the constitutional defects. Additionally, defendant asserted that La. R.S. 14:81.3 is both overinclusive and underinclusive.
The trial court issued an oral ruling on the defendant's Motion to Quash on October 29, 2007.[17] At the beginning of this hearing, the State asked the trial court to consider only the grounds raised in the defendant's Motion to Quash. Those issues were incorrectly identified by the trial court, the State, and the defendant as equal protection and access to the courts.[18] *716 The trial court, however, stated that it would consider all of the constitutional issues before it:
And so, you know, like I said, when a person files a Motion to Quash and he alleged Constitutional grounds, he alleged some specific Constitutional grounds, it would just be a waste of the Court's time in order not to deal with all the issues because its going to invite another Motion to Suppress, more delays. Okay. I, however, think that the State has the right to supplement its memorandum on this latest allegation, the freedom of speech, even though, when I read your memos, I kind of got a pretty good appreciation of what your argument would be. And if you've got something new you will argue, because of the freedom of speech argument, then I'll give you time to supplement.[[19]]
At the October 29, 2007, hearing, the trial court granted the defendant's Motion to Quash on the basis that La. R.S. 14:81.3(C)(3) is unconstitutional[20] because it violates the defendant's right of access to the courts protected by La. Const. art. I, § 22 and "probably" La. Const. art. I, § 13.[21] The trial court's ruling, however, consisted of a rambling discussion of various constitutional grounds, in addition to those on which it based its ruling. The additional grounds included: equal protection, as set forth in La. Const. art. I, § 3 and U.S. Const. amend. XIV,[22] freedom of speech under U.S. Const. amend. I,[23] freedom of expression provided in La. Const. art. I, § 7,[24] and rights of the accused set forth in La. Const. art. I, § 13.[25]
*717 Written reasons were not tendered, therefore, in an attempt to clarify the trial court's confusing ruling, this Court requested a per curiam. Although the per curiam supports the trial court's oral ruling declaring only La. R.S. 14:81.3(C)(3) unconstitutional on the basis that it denies defendant access to courts in violation of La. Const. art. I, § 22, it further indicated reliance on grounds not discussed at the October 29, 2007, ruling on the Motion to Quash and not supported by the transcript. More specifically, the per curiam provided that the trial court found La. R.S. 14:81.3(C)(3) violated La. Const. art. I, § 16, a constitutional ground not addressed by the trial court at the October 29, 2007, hearing.[26]
The defendant did not object to any part of the trial court's oral ruling, however the State objected and subsequently filed a Motion for Appeal on October 31, 2007, appealing the trial court's judgment directly to this court pursuant to La. Const. art. V, § 5(D).[27] Specifically, the State appealed from the trial court's October 29, 2007, oral ruling which granted defendant's Motion to Quash counts one and two of the Bill of Information on the basis that La. R.S. 14:81.3(C)(3) is unconstitutional as enacted.
In its brief to this Court, the State argues La. R.S. 14:81.3 is constitutional in its entirety and does not infringe upon the defendant's access to courts guaranteed by La. Const. art. I, § 22, nor upon any other constitutional safeguard or freedom. Alternatively, the State maintains, any infringement is minor and offset by the State's authority to enact laws which are rationally related to a legitimate state interest affecting the health, safety, or welfare of its citizens. The State admits La. Const. art. I, § 22 affords criminal defendants a constitutional right to defend themselves and that this right includes access to the courts and appointed counsel. It points out, however, that defendant does not claim he has not had access to the courts, but instead defendant argues that he has a fundamental right to assert the legislatively created defense set forth in La. R.S. 14:81.3(C)(1). To the contrary, the State maintains, this right is not fundamental and is not subject to special constitutional protections. Thus, the State asserted, defendant's access to the courts may be restricted if there is a rational basis for such a restriction.
In response, the defendant argued in his brief to this Court that La. R.S. 14:81.3 is invalid on numerous constitutional *718 grounds, specifically that it violates: (1) due process guarantees set forth in La. Const. art. I, § 2; (2) equal protection provided in La. Const. art. I, § 3; (3) his right to present a defense guaranteed by the U.S. Const. amends. VI & XIV, as well as La. Const. art. I, § 16; (4) freedom of speech, overbreadth, and vagueness, as provided in La. Const. art. I, § 7 and U.S. Const. amend. I; and (5) his access to the courts enumerated in La. Const. art. I, § 22.
The State filed a Reply Brief on March 7, 2008, urging this Court to disregard the defendant's arguments which were beyond the scope of La. Const. art. I, § 22 because that constitutional provision was the sole basis for the trial court's ruling, and therefore the only issue on direct appeal.

DISCUSSION
The trial court granted defendant's Motion to Quash and found La. R.S. 14:81.3(C)(3) unconstitutional on the basis that it violated La. Const. art. I, § 22 and La. Const. art. I, § 13,[28] and severed La. R.S. 14:81.3(C)(3) from the remainder of the statute.[29] This direct appeal is before us under La. Const. art. 5, § 5(D) because a statute has been declared unconstitutional, therefore, the sole issue before us is whether the trial court erred in granting defendant's Motion to Quash on the basis that La. R.S. 14:81.3(C)(3) is unconstitutional in violation of La. Const. art. I, § 22 and La. Const. art. I, § 13.
As an initial matter, before determining whether the trial court was correct in granting defendant's Motion to Quash and declaring La. R.S. 14:81.3(C)(3) unconstitutional, we must first decide whether the issue of constitutionality was properly raised below.[30] It is well-settled that a constitutional challenge may not be considered by an appellate court unless it was properly pleaded and raised in the trial court below. Vallo v. Gayle Oil Co., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65. Although this court generally possesses the power and authority to decide the constitutionality of the provisions challenged in a defendant's motion to quash, it is not required to decide a constitutional issue unless the procedural posture demands that it do so. State v. Mercadel, 03-3015, p. 7 (La.5/25/04), 874 So.2d 829, 534 (citing Ring v. State, DOTD, 02-1367, pp. 6-7 (La.1/14/03), 835 So.2d 423, 428). A corollary of these principles is that courts are generally reluctant to address the constitutionality of legislation unless required by the particular case and issue before them. State v. Schoening, *719 00-0903, p. 3 (La.10/17/00), 770 So.2d 762, 764 (citing Blanchard v. State, through Parks and Recreation Com'n. 96-0053, p. 2 (La.5/21/96), 673 So.2d 1000, 1002).
Statutes are generally presumed to be constitutional and the party challenging the validity of the statute bears the burden of proving it is unconstitutional. State v. Fleury, 01-0871, p. 5 (La.10/16/01), 799 So.2d 468, 472; State v. Brenner, 486 So.2d 101, 102 (La.1986); State v. Rones, 223 La. 839, 67 So.2d 99, 105 (1953). Unlike the federal constitution, a state constitution's provisions are not grants of power, but instead are limitations on the otherwise plenary power of the people of a state, exercised through its legislature. Bd. of Comm'rs of N. Lafourche Conservation, Levee & Drainage Dist. v. Bd. of Comm'rs of Atchafalaya Basin Levee Dist., 95-1353, p. 3 (La.1/16/96), 666 So.2d 636, 639. Therefore, the legislature may enact any legislation the state constitution does not prohibit. Id. Moreover, this Court has consistently held that legislative enactments are presumed valid and their constitutionality should be upheld when possible. State v. Caruso, 98-1415, p. 1 (La.3/2/99), 733 So.2d 1169, 1170 (citing State v. Griffin, 495 So.2d 1306, 1308 (La. 1986)). Accordingly, as a result of this presumption, if a party wishes to challenge the constitutionality of a statute, the party must do so properly. We now consider the proper procedure for challenging the constitutionality of a statute.
While there is no single procedure for attacking the constitutionality of a statute, it has long been held that the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. State v. Schoening, 00-0903, p. 3 (La.10/17/00), 770 So.2d 762, 764 (citing Vallo v. Gayle Oil Co., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65). This Court has expressed the challenger's burden as a three step analysis. First, a party must raise the unconstitutionality in the trial court; second, the unconstitutionality of a statute must be specially pleaded; and third, the grounds outlining the basis of unconstitutionality must be particularized. Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-865. The purpose of these procedural rules is to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute. State v. Schoening, 00-0903, p. 3 (La.10/17/00), 770 So.2d 762, 764 (citing Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 865). The opportunity to fully brief and argue the constitutional issues provides the trial court with thoughtful and complete arguments relating to the issue of constitutionality and furnishes reviewing courts with an adequate record upon which to consider the constitutionality of the statute. Id.
The final step of the analysis articulated above requires that the grounds outlining the basis of the unconstitutionality be particularized. This Court has thoroughly considered the standard for particularizing the constitutional grounds. The purpose of particularizing the constitutional grounds is so that the adjudicating court can analyze and interpret the language of the constitutional provision specified by the challenger. State v. Expunged Record (No.) 249, 044, 03-1940, p. 4 (La.7/2/04), 881 So.2d 104, 107 (citing Louisiana Mun. Ass'n v. State, 00-0374, p. 5 (La.10/6/00), 773 So.2d 663, 667 ("In adjudicating [a] constitutional challenge, the court must analyze and interpret the language of the constitutional provision specified by the challenger.")). This basic principle dictates that the party challenging the constitutionality of a statute must cite to the specific provisions of the constitution which prohibits the action. State v. *720 Fleury, 01-0871, p. 5 (La.10/16/01), 799 So.2d 468, 472 (citing Moore v. Roemer, 567 So.2d 75, 78 (La.1990)); see also State v. Granger, 07-2285, p. 3 (La.5/21/08), 982 So.2d 779; State v. Herring, 211 La. 1083, 31 So.2d 218, 219-220 (1947) (citing City of Shreveport v. Pedro, 170 La. 351, 127 So. 865 (La.1930)); A. Sulka & Co. v. City of New Orleans, 208 La. 585, 23 So.2d 224, 229 (1945) ("It is elementary that he who urges the unconstitutionality of a law must especially plead its unconstitutionality and show specifically wherein it is unconstitutional....").
In addition to the three step analysis for challenging the constitutionality of a statute, the specific plea of unconstitutionality and the grounds therefor must be raised in a pleading. See State v. Schoening, 00-0903, p. 4 (La.10/17/00), 770 So.2d 762, 765, citing Williams v. State, Dept. of Health and Hospitals, 95-0713, p. 6 (La.1/26/96), 671 So.2d 899, 902 (recognizing that "Louisiana jurisprudence requires that the constitutionality of a statute be specially pleaded in a petition, exception, written motion, or answer and that the grounds be particularized, so that the parties are given sufficient time to brief and prepare arguments regarding their position on a constitutional question."); State v. Campbell, 263 La. 1058, 270 So.2d 506 (1972)(wherein this Court refused to consider grounds of unconstitutionality not raised in the defendant's Motion to Quash); State v. Herring, 211 La. 1083, 31 So.2d 218, 219-220 (1947) ("This Court has consistently refused to consider an attack on the constitutionality of a law where such issue is not raised by the pleadings. The attack on the constitutionality of a law must be urged by special plea setting forth therein grounds on which it is claimed that the law is unconstitutional.").[31]
Thus, in light of the foregoing jurisprudential rules, in order to properly confect a constitutional challenge, a party must raise the constitutional issue in the trial court by raising the unconstitutionality and the grounds outlining the basis of the alleged unconstitutionality in a pleading. With these principles in mind, we consider each step of the three part analysis separately under the circumstances presented by the matter before us.
Defendant raised the issue of the constitutionality of La. R.S. 14:81.3 before the trial court in a Motion to Quash. Raising the constitutional issue in a motion has been deemed sufficient to satisfy the purpose of the three step analysis required to properly assert a constitutional challenge. See Vallo v. Gayle Oil Co., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 865. Moreover, we recently recognized that a motion raising the constitutionality and the grounds therefor are sufficient to satisfy the three step analysis for raising a constitutional challenge. State v. Granger, 07-2285, p. 3 (La.5/21/08), 982 So.2d 779 (finding that defendant's Motion to Reconsider was a proper procedural device for challenging the constitutionality of a statute). Therefore, defendant satisfied the first two steps of the analysis by setting forth the constitutional challenge in a pleading, the Motion to Quash, before the trial court.
The final step of the analysis is that the party challenging the constitutionality of a statute particularize the grounds outlining the basis of the unconstitutionality. The defendant in the instant matter particularized two constitutional grounds *721 in his Motion to Quash, specifically that the statute violates equal protection guaranteed by La. Const. art. I, § 3, and that the statute is in derogation of the right to present a defense set forth in La. Const. art. I, § 16, as well as U.S. Const. amend. VI. Accordingly, the only constitutional grounds properly before the trial court were equal protection guaranteed by La. Const. art. I, § 3, and the right to present a defense set forth in La. Const. art. 1, § 16 and U.S. Const. amend. VI. However, neither of the grounds properly raised by the defendant in his Motion to Quash were the basis of the trial court's ruling finding La. R.S. 14:81.3(C)(3) unconstitutional and granting defendant's Motion to Quash. To the contrary, as discussed above, the trial court relied on constitutional grounds not raised by the defendant, specifically La. Const. art. I, § 22, "Access to Courts," and La. Const. art. I, § 13, "Rights of the Accused."[32] Because the trial court's ruling was based on constitutional grounds not properly raised, and indeed not raised at all, by the defendant, it erred in granting the defendant's Motion to Quash on the basis that La. R.S. 14:81.3 is unconstitutional.
Although the issue of raising constitutional grounds not particularized in the trial court generally arises under circumstances in which a party raises a new or additional constitutional ground before an appellate court, this Court has consistently found that the purpose of the three step analysis for challenging the constitutionality of a statute is to give the parties an opportunity to brief and argue the constitutional grounds and to prepare an adequate record for review. State v. Schoening, 00-0903, p. 3 (La.10/17/00), 770 So.2d 762, 764. Clearly, these purposes are not satisfied if the trial court is permitted to rule on grounds not properly raised by the party challenging the constitutionality of a statute. Further, we note that this situation is similar to those instances in which a trial court sua sponte declares a statute unconstitutional when its unconstitutionality has not been placed at issue by one of the parties in a pleading. Id. (citing Bd. of Comm'rs of Orleans Levee Dist. v. Connick, 94-3161, p. 6 (La.3/9/95), 654 So.2d 1073, 1076). A judge's sua sponte declaration of unconstitutionality is a derogation of the strong presumption of constitutionality accorded legislative enactments. Id. pp. 3-4, at 765 (citing Bd. of Comm'rs of Orleans Levee Dist. v. Connick, 94-3161, p. 6 (La.3/9/95), 654 So.2d 1073, 1076). In the instant matter, the trial court's basis for its ruling was on constitutional grounds not before it and, similar to those instances in which a trial court sua sponte rules on a constitutional issue not raised by the parties, such ruling is improper.
Moreover, the defendant raised new constitutional grounds in a Supplemental Memorandum in Support of Motion to Quash, filed approximately four months after the Motion to Quash raising the constitutionality of La. R.S. 14:81.3 was filed with the trial court. The Supplemental Memorandum in Support of Motion to Quash raised the additional constitutional grounds of free speech, overbreadth, and vagueness under La. Const. art. 1, § 7, as well as U.S. Const. amends. I & XIV. Raising a constitutional challenge and particularizing the grounds in a memorandum is insufficient. See, e.g., Vallo v. Gayle Oil Co., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864 (recognizing, in the civil *722 context, that a memorandum, opposition, or brief is insufficient because these documents do not constitute pleadings); Hillman v. Akins, 93-0631, p. 5 (La. 1/14/94), 631 So.2d 1, 5. Thus, the additional grounds raised by the defendant in the Supplemental Memorandum in Support of Motion to Quash were also not properly raised and should not have been considered by the trial court.
Finally, in his brief to this Court, the defendant raised La. Const. art. I, § 2, "Due Process of Law," as a constitutional basis for challenging La. R.S. 14:81.3. Because this constitutional ground is raised for the first time on appeal, we decline to consider it because it is not properly before us at this time. See, e.g., State v. Campbell, 263 La. 1058, 270 So.2d 506, 507 (1972) ("It is well settled that the grounds for the unconstitutionality of a statute must be specially pleaded in the trial court to be available on appeal.").

CONCLUSION
Although the defendant raised various constitutional grounds in support of his claim that La. R.S. 14:81.3 is unconstitutional, the only grounds particularized by defendant in his Motion to Quash, and therefore properly before the trial court, were equal protection under La. Const. art. I, § 3 and right to present a defense guaranteed by La. Const. art. I, § 16 and U.S. Const. amend. VI. Although the trial court discussed the constitutional grounds which were properly raised, its declaration of unconstitutionality of the statute was not based on these grounds. The trial court instead relied upon constitutional grounds which were not properly raised, La. Const. art. I, § 22 and La. Const. art. I, § 13, in granting defendant's Motion to Quash and finding La. R.S. 14:81.3(C)(3) unconstitutional. Thus, it was improper for the trial court to consider those grounds which were not properly raised and it erred in granting the defendant's Motion to Quash.

DECREE
The trial court's grant of defendant's Motion to Quash on the basis that La. R.S. 14:81.3(C)(3) is unconstitutional in violation of La. Const. art. I, § 22 and La. Const. art. I, § 13 was in error. Accordingly, the trial court's ruling granting the defendant's Motion to Quash is reversed and the trial court's ruling vacated in its entirety. This matter is remanded to the trial court for further proceedings not inconsistent with this opinion.
REVERSED, VACATED, AND REMANDED.
NOTES
[1] The Bill of Information references the title of the statute as "Computer-Aided Solicitation for Sexual Purposes," however, the historical comments following the statute indicate the title was subsequently changed:

Pursuant to the statutory revision authority of the Louisiana State Law Institute, in this section as enacted in 2005, in the section heading, "for sexual purposes" was deleted, and "of a minor" was inserted, following "solicitation."
[2] La. R.S. 14:81.3, "Computer-Aided Solicitation of a Minor," provides:

A. Computer-aided solicitation of a minor is committed when a person eighteen years of age or older knowingly contacts or communicates, through the use of electronic textual communication, with a person who has not yet attained the age of eighteen or a person reasonably believed to have not yet attained the age of eighteen, for the purpose of or with the intent to persuade, induce, entice, or coerce the person to engage or participate in sexual conduct or a crime of violence as defined in La. R.S. 14:2(B), or with the intent to engage or participate in sexual conduct in the presence of the person who has not yet attained the age of eighteen, or person reasonably believed to have not yet attained the age of eighteen.
B. (1) Whoever violates the provisions of this Section shall be fined not more than ten thousand dollars and shall be imprisoned at hard labor for not less than two years nor more than ten years, without benefit of parole, probation, or suspension of sentence.
(2) On a subsequent conviction, the offender shall be imprisoned for not less than ten years nor more than twenty years at hard labor without benefit of parole, probation, or suspension of sentence.
C. (1) Consent is a defense to a prosecution brought pursuant to this Section if the person under the age of eighteen, or the person reasonably believed to be under the age of eighteen, is at least sixteen years old.
(2) Consent is not a defense to a prosecution brought pursuant to this Section if the person under the age of eighteen, or the person reasonably believed to be under the age of eighteen, is actually under the age of sixteen.
(3) It is not a defense to a prosecution brought pursuant to this Section, on the basis of consent or otherwise, that the person reasonably believed to be under the age of eighteen is actually a law enforcement officer or peace officer acting in his official capacity.
D. For purposes of this Section, the following words have the following meanings:
(1) "Electronic textual communication" means a textual communication made through the use of a computer on-line service, Internet service, or any other means of electronic communication, including but not limited to a local bulletin board service, Internet chat room, electronic mail, or on-line messaging service.
(2) "Sexual conduct" means actual or simulated sexual intercourse, deviant sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, lewd exhibition of the genitals, or any lewd or lascivious act.
E. The provisions of this Section shall not apply to the transference of such images by a telephone company, cable television company, or any of its affiliates, an Internet provider, or commercial online service provider, or to the carrying, broadcasting, or performing of related activities in providing telephone, cable television, Internet, or commercial online services.
F. An offense committed under this Section may be deemed to have been committed where the electronic textual communication was originally sent, originally received, or originally viewed by any person.
G. After the institution of prosecution, access to and the disposition of any material seized as evidence of this offense shall be in accordance with La. R.S. 46:1845.
H. Any evidence resulting from the commission of computer-aided solicitation of a minor shall constitute contraband.
I. A violation of the provisions of this Section shall be considered a sex offense as defined in La. R.S. 15:541(14.1). Whoever commits the crime of computer-aided solicitation of a minor shall be required to register as a sex offender as provided for in Chapter 3-B of Title 15 of the Louisiana Revised Statutes of 1950.
[3] Three Motions to Continue were filed. Following the defendant's third and final Motion to Continue, filed on May 17, 2007, trial was scheduled for October 9, 2007. Two copies of the "Motion to Continue Trial" filed on May 17, 2007, were included in the Record. The first copy indicates trial was reassigned to October 9, 2007, however the second copy indicates the trial was reassigned to October 10, 2007. This discrepancy was resolved at the hearing on July 11, 2007, in which the trial court confirmed the date set for trial was October 9, 2007.
[4] Defendant requested the "indictment" be quashed, however, he was charged by Bill of Information.
[5] La.C.Cr.P. art. 532 provides, in pertinent part:

A motion to quash may be based on one or more of the following grounds:
(1) The indictment fails to charge an offense which is punishable under a valid statute.
[6] Defendant's Motion to Quash refers to La. R.S. 14:81.3 in its entirety. The defendant's Motion to Quash included a separate heading titled "Memorandum in Support." The Motion to Quash and Memorandum in Support were filed, signed by defense counsel, and stamped as one document, thus we consider the Memorandum in Support as part of the Motion to Quash.
[7] La. Const. art. I, § 3, "Right to Individual Dignity," provides:

No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.
[8] U.S. Const. Amend. VI, "Rights of the Accused," provides:

In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and caused of the accusation, to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.
[9] La. Const. art. I, § 16, "Right to a Fair Trial," provides:

Every person charged with a crime is presumed innocent until proven guilty and is entitled to a speedy, public, and impartial trial in the parish where the offense or an element of the offense occurred, unless venue is changed in accordance with law. No person shall be compelled to give evidence against himself. An accused is entitled to confront and cross-examine the witnesses against him, to compel the attendance of witnesses, to present a defense, and to testify in his own behalf. However, nothing in this Section or any other section of this constitution shall prohibit the legislature from enacting a law to require a trial court to instruct a jury in a criminal trial that the governor is empowered to grant a reprieve, pardon, or commutation of sentence following conviction of a crime, that the governor in exercising such authority may commute or modify a sentence of life imprisonment without benefit of parole to a lesser sentence which includes the possibility of parole, may commute a sentence of death to a lesser sentence of life imprisonment without benefit of parole, or may allow the release of an offender either by reducing a life imprisonment or death sentence to the time already served by the offender or by granting the offender a pardon.
[10] See supra, note 6.
[11] In an Addendum to the State's Memorandum in Opposition to Motion to Quash, filed on July 9, 2007, the State raised additional arguments in opposition to defendant's equal protection claim.
[12] Defendant contended La. R.S. 14:81.3(C)(3) creates a limited defense in those circumstances in which the person with whom the offender is communicating is at least sixteen (16) years old and consented to being solicited for the sexual conduct. The consent defense, however, is not available under La. R.S. 14:81.3(C)(3) if the person reasonably believed to be under the age of eighteen is actually a law enforcement officer acting in an official capacity, thus making it unavailable to some offenders.
[13] The State raised the access to courts issue as follows:

Your Honor, in response to his argument about impeding his defense, Your Honor, this defendant has private counsel of his own choosing. He even comes from Baton Rouge, before a distinguished jurist, who handles criminal cases often, if not almost exclusively; his right to come in and have access to the courts, and that's what the fundamental right is, access to the courts. His access to the courts is unimpeded. There is no fundamental right at issue here. He can put one in his memorandum or his brief, he can put five others, but if they're on paper doesn't mean anything. This statute, Your Honor, is rationally related to a very legitimate state interest in this case, rationally related to two very compelling state interests.
[14] The Record indicates the parties discussed defense counsel's presence at the scheduled July 18, 2007, ruling. Defense counsel indicated location and scheduling conflicts prevented him from appearing on that date. The trial court judge stated that he would rule on the Motion to Quash in the absence of defendant and defense counsel and agreed to note defense counsel's objection and intention to seek writs on the record if the ruling was unfavorable to defendant.
[15] Although the trial court set a deadline of July 25, 2007, for filing supplemental memorandums, the defendant filed a Motion for Extension of Time to Supplement Motion to Quash on July 26, 2007. The trial court granted this motion and extended the time for filing the supplemental information on or before August 10, 2007. At the ruling on the Motion to Quash on October 29, 2007, the Assistant Attorney General objected as follows:

First, Your Honor, you know, I do object to counsel having been given a date of either July 25 or August 10, to come in less than a week from today, file his memorandum-you know, essentially it's dated on [October] 22-then hold the same memorandum and have someone from his office deliver it to me at closing time the following day....
[16] Although defendant referenced "La. Const. art. I," it is likely he intended to reference "La. Const. art. I, § 7" because that provision relates to freedom of expression. This Supplemental Memorandum in Support of Motion to Quash was not originally included in the Record, however, at oral argument of this matter, on May 21, 2008, this Court requested a copy of the memorandum, which was subsequently filed by defense counsel.
[17] There is no minute entry in the Record for July 30, 2007, or any other motion in the Record regarding the scheduled hearing, therefore it is unclear why this matter was not heard on the scheduled July 30, 2007, date.
[18] Although defendant's Motion to Quash raised the constitutional grounds of equal protection and right to present a defense, the transcript of the October 29, 2007, hearing indicates the trial court and both parties were apparently confused about the issues raised in the defendant's Motion to Quash. The trial court judge agreed with the State's assertion that the defendant's Motion to Quash was based on two grounds, equal protection and access to the courts:

Mr. Martin: Well, Your Honor, I don't know if we are or not, but his original Motion to Quash was based on two grounds,
The Court: That's right.
Mr. Martin:equal protection,
The Court: Yes
Mr. Martin:all right, and access to the courts.
The Court: That's right.
Defense counsel subsequently affirmed the misunderstanding regarding the issues raised in the Motion to Quash, agreeing that the Motion to Quash asserted two grounds, equal protection and access to courts:
Mr. Baum: Just one thing to say, Your Honor. My Motion to Quash was based on the unconstitutionality of the statute. In my original
The Court: And which you pointed out
Mr. Baum: I pointed
The Court:basically two grounds in your original motion. One, equal protection under the law; and the other, lack of access to the court.
Mr. Baum: Correct.
Our review of the Record, however, reveals that the defendant never raised La. Const. art. I, § 22, "Access to Courts," before the trial court in any pleading.
[19] The State did not accept the trial court's invitation to supplement its memorandum, and merely made a few comments regarding the constitutionality of the statute in general.
[20] Following the trial court's ruling, the State requested a clarification. In response to this request, the trial court stated:

Section C, Paragraph 3, I think it is. `It is not a defense to a prosecution brought pursuant to this Section, on the basis of consent or otherwise, that the person reasonably believed to be under the age of eighteen is actually a law enforcement officer or peace officer acting his official capacity.' That's the only part I think is unconstitutional.
(Emphasis added).
[21] The trial court stated:

I think that the denial of the defense to this accuse[d] is a violation of Sections 22, at least, and probably 13, of the Louisiana Constitution, Article I.
(Emphasis added).
[22] Regarding the equal protection claim, the trial court stated:

So, I have trouble with finding that this statute violates the ... Fourteenth Amendment of the United States Constitution, equal protection, because I kind of think that the class to be protected is probably a class that has inherent traits, and it's probably a class that suffers a failure of the government to protect it over a period of time, with distinct characteristics."
[23] Regarding the freedom of speech claim, the trial court stated:

So, the next point, I don't think the statute infringes upon the freedom of speech; that's not the violation.
....
So, I have trouble with finding that this statute violates the First Amendment of the United States Constitution....
[24] Regarding the freedom of expression assertion, the trial court stated:

So, with regards to the statute, I don't find that it's an abuse of the state's limitation on the freedom of expression, as provided under Article I, Section 7, of the Louisiana Constitution.
[25] Regarding rights of the accused, the trial court stated:

I don't think this right has any significant place in this situation. I don't think Section 13, that talks about a right of the accused is violated by the rightby law enforcement searching the Internet, trying to find predators and developing a case against the predator.
[26] In concluding the October 29, 2007, ruling, the trial court stated, in contradiction to his earlier statement that he did not believe La. Const. art. I, § 13 had a significant place in this situation:

I think that the denial of the defense to this accuse[d] is a violation of Sections 22, at least, and probably 13, of the Louisiana Constitution, Article I.
....
And to deny a person a defense solely because you're a law enforcement officer, to me, violates the whole tenement [sic] of innocent until proven guilty, and the ability to access your court and to provide yourself with a defense. I think he does not have a defense because of the statute; the statute is therefore unconstitutional...
(Emphasis added).
[27] La. Const. art. 5, § 5(D) provides:

In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional or (2) the defendant has been convicted of a capital offense and a penalty of death actually has been imposed.
[28] As previously indicated, the trial court stated in its oral ruling that La. R.S. 14:81.3(C)(3) "probably" violated La. Const. art. 1, § 13. For the remainder of this opinion we assume this was a basis for the trial court's ruling. Further, we recognize that this finding is inconsistent with the per curiam provided by the trial court on June 13, 2008. However, to the extent the per curiam is inconsistent, the transcript of the oral ruling prevails, as that was the ruling made in the presence of the parties and upon which the instant appeal was based.
[29] We note that, had this Court reached the constitutional issue and determined the trial court was correct in declaring La. R.S. 14:81.3(C)(3) unconstitutional, the defendant could still be charged under La. R.S. 14:81.3 in the absence of La. R.S. 14:81.3(C)(3). Once that section is severed, the statute can still be used to charge the offense, however the defendant would now be entitled to assert the consent defense set forth in La. R.S. 14:81.3(C)(1), without the limitations of La. R.S. 14:81(C)(3).
[30] Although the State urged this Court not to consider constitutional grounds raised by defendant in his brief to this Court beyond the scope of La. Const. art. 1, § 22, it did not challenge the manner in which the defendant asserted the constitutional grounds before the trial court.
[31] We note that this Court has more recently affirmed this long-standing principle in the civil context. See, e.g. Reeder v. North, 97-0239 (La. 10/21/97), 701 So.2d 1291; Arrington v. Galen-Med, Inc., 2006-2923 (La.2/2/07), 947 So.2d 719; Hillman v. Akins, 93-0631 (La. 1/14/94), 631 So.2d 1.
[32] It appears the trial court may have mistakenly referred to La. Const. art. I, § 13, however, at the October 29, 2007, oral ruling the trial court clearly stated that La. R.S. 14:81.3(C)(3) violated La. Const. art. I, § 13 and La. Const. art. I, § 22. See supra, note 26.