PER CURIAM.
|! Writ Granted. The longstanding jurisprudential rule in Louisiana is that litigants must raise constitutional issues in the trial court, not the appellate courts, and the constitutional challenge must be specially pleaded and the grounds for the claim particularized. Vallo v. Gayle Oil Company, Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-865. In addition, the specific plea of unconstitutionality and the grounds therefor must be raised in a pleading. State v. Hatton, 02-2377, p. 15 (La.7/1/08), 985 So.2d 709, 720. The purpose of these procedural rules is to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of a challenged statute so as to provide the trial court with thoughtful and complete arguments regarding the constitutional issues presented and to provide reviewing courts with an adequate record.. Id. 02-2377 at 14, 985 So.2d at 719.
Given the unique posture in which this case presents itself, wherein the defendant prevailed in the district court on grounds that did not require a determination of the constitutionality of La. R.S. 46:1846 and the constitutional issue was first raised in a memorandum in opposition to the State’s writ application in the court of appeal, submitted on an expedited basis, within less than two hour’s time, in the interests of justice, we exercise our plenary, supervisory jurisdiction, vacate the judgment of the court of appeal, and remand this case to the district | gcourt to allow defendant to specially plead the unconstitutionality of La. R.S. 46:1846 as applied to him and for the issue to be fully litigated.