**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2019 KA 0361**

**STATE OF LOUISIANA**

**VERSUS**

**ERIC NEWMAN**

**Judgment Rendered:** SEP 2 7 2019

* * * * * *

On Appeal from the Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Docket No. 1603117

Honorable Robert H. Morrison, Judge Presiding

* * * * * *

Scott Perrilloux
District Attorney
Patricia Parker Amos
Assistant District Attorney
Amite, Louisiana

Counsel for Appellee
State of Louisiana

Gwendolyn K. Brown
Louisiana Appellate Project
Baton Rouge, Louisiana

Counsel for Defendant/Appellant
Eric Newman

* * * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**McCLENDON, J.**

Defendant, Eric J. Newman, was charged by grand jury indictment with first degree murder, a violation of LSA-R.S. 14:30. Defendant entered a plea of not guilty.[1] After a trial by jury, he was found guilty as charged. The trial court sentenced defendant to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. Defendant now appeals, assigning error to the constitutionality of the verdict. For the following reasons, we affirm the conviction and sentence.

## STATEMENT OF FACTS

On November 25, 2016, at about 12:45 a.m., Corporal Bobby Carter of the Tangipahoa Parish Sheriff's Office was travelling northbound on South Morrison Boulevard in Hammond in his marked vehicle when a driver in another vehicle flagged him down and told him that a subject was lying in the middle of the road, nearby on Rue Cannes. As Corporal Carter approached 900 Rue Cannes, he observed a male subject, later identified as Stephen Vance, lying in the street surrounded by shattered glass and blood.[2] At trial, defendant testified and admitted to shooting the victim, claiming that the victim pulled out a knife during a drug transaction that took place in the victim's vehicle. Other trial witnesses also implicated defendant as the shooter.[3]

## ALLEGED NON-UNANIMOUS JURY VERDICT

In the sole assignment of error, defendant contends that the jury verdict was presumptively less than unanimous, noting that the polling slips were not in the record and that the trial court characterized the verdict as "valid," as opposed to unanimous. He argues that because his conviction is not yet final, the amended versions of LSA-Const. art. I, § 17(A) and LSA-C.Cr.P. art. 782A should be applied to this case. Defendant further submits that LSA-Const. art. I, § 17(A) and LSA-C.Cr.P. art. 782 violate the Sixth and Fourteenth Amendments to the U.S. Constitution. He contends

---

[1] At arraignment, the State informed the court that it would not seek the death penalty in this case.

[2] Vance was transported to the hospital where he was pronounced dead.

[3] Deontrie Carter, defendant's fellow inmate at the Tangipahoa Parish Jail, testified that defendant told him he killed the victim over seventy dollars during a drug deal gone awry. Robert Rheams, who was with defendant at the time of the offense and was charged with second degree murder in connection with the victim's death, testified the victim was killed during a carjacking (after refusing to surrender his vehicle as defendant commanded at gunpoint). Rheams testified that he got out of the vehicle just before defendant shot the victim and denied seeing the victim with a weapon.

that the alleged non-unanimous jury verdict is unconstitutional and that the sentence imposed as a result thereof cannot stand. Defendant acknowledges that a contemporaneous objection to the verdict was not lodged below, but he argues that a non-unanimous verdict constitutes patent error that affects his substantial rights.

In addition to the constitutional challenge not being properly before this court,[4] the sealed jury verdict, which was supplemented in the record, shows the verdict in this case was unanimous. Accordingly, defendant's assignment of error has no merit.

## CONCLUSION

For the foregoing reasons, we affirm defendant's conviction and sentence.

**CONVICTION AND SENTENCE AFFIRMED.**

---

[4] It is well-settled that a constitutional challenge may not be considered by an appellate court unless it was properly pleaded and raised in the trial court below. **State v. Hatton**, 07-2377 (La. 7/1/08), 985 So.2d 709, 718.

3