STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 KA 0360

STATE OF LOUISIANA

VERSUS

MICHAEL HAWK

Judgment Rendered: **NOV 1 2 2020**

* * * * *

On Appeal from the
20th Judicial District Court
In and for the Parish of East Feliciana
State of Louisiana
Trial Court No. 16-CR-999

Honorable Kathryn E. Jones, Judge Presiding

* * * * *

Samuel C. D'Aquilla
District Attorney
Clinton, LA

Attorney for Appellee,
State of Louisiana

Franz N. Borghardt
Baton Rouge, LA

Attorneys for Defendant-Appellant,
Michael Hawk

Thomas "T.C." Wicker
New Orleans, LA

* * * * *

BEFORE: HIGGINBOTHAM, THERIOT, AND WOLFE, JJ.

**HIGGINBOTHAM, J.**

The defendant, Michael Hawk, was charged by grand jury indictment with first degree rape (victim under the age of thirteen years), a violation of La. R.S. 14:42(A)(4). He pled not guilty. Following a jury trial, the jury found the defendant guilty of the responsive offense of sexual battery, a violation of La. R.S. 14:43.1.[1] He moved for a post-verdict judgment of acquittal or, in the alternative, a new trial, but the motion was denied. The defendant was sentenced to forty years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant appeals. In his sole assignment of error, he challenges his conviction by a non-unanimous (ten-to-two) jury verdict.

## CONSTITUTIONALITY OF NON-UNANIMOUS VERDICT

The defendant argues the district court erred in instructing the jury that it could convict him by less than a unanimous verdict, erred in denying the motion for new trial based on the non-unanimous verdict, and erred in sentencing him on the basis of the non-unanimous verdict in violation of the Sixth and Fourteenth Amendments to the United States Constitution. The defendant cites **Ramos v. Louisiana,** __ U.S. __, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).

In **Ramos,** ___ U.S. at ___, 140 S.Ct. at 1397, the United States Supreme Court overruled **Apodaca v. Oregon,** 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972). The **Ramos** Court held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that the ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are

---

[1] See La. Code Crim. P. art. 814(A)(12).

2

still pending on direct appeal.[2] **Ramos**, ___ U.S. at ___, 140 S.Ct. at 1406. Thus, where the defendant's conviction was not final when **Ramos** was decided, the holding of **Ramos** applies. **State v. Bueso**, 2019-01675 (La. 6/22/20), 297 So.3d 719 (per curiam) (citing **Griffith v. Kentucky**, 479 U.S. 314, 328, 107 S. Ct. 708, 716, 93 L. Ed. 2d 649 (1987)).

## CONCLUSION

Accordingly, this assignment of error has merit. The defendant's conviction and sentence are vacated, and this case is remanded to the district court.

**CONVICTION AND SENTENCE VACATED; REMANDED.**

---

[2] In **Crehan v. Louisiana**, ___ U.S. ___, ___ S.Ct. ___, 206 L.Ed.2d 850 (2020), 2020 WL 1978930, Justice Alito concurred in the judgment with the understanding that in cases in which the United States Supreme Court grants, vacates, and remands in light of **Ramos**, "the [United States Supreme Court] is not deciding or expressing a view on whether the question was properly raised below but is instead leaving that question to be decided on remand." In **Crehan**, this court noted the defendant made "a pro forma challenge to the constitutionality of his non-unanimous guilty verdict." **State v. Crehan**, 2018-0746 (La. App. 1st Cir. 11/5/18), 2018 WL 5785479 at *9, writ denied, 2018-2024 (La. 4/15/19), 267 So.3d 1124. We are aware that a constitutional challenge may not be considered by an appellate court unless it was properly pleaded and raised in the district court below. **Vallo v. Gayle Oil Co., Inc.**, 94-1238 (La. 11/30/94), 646 So. 2d 859, 864-865. Further, while there is no single procedure for attacking the constitutionality of a statute, it has long been held that the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. First, a party must raise the unconstitutionality in the district court; second, the unconstitutionality of a statute must be specially pleaded; and third, the grounds outlining the basis of unconstitutionality must be particularized. **State v. Hatton**, 2007-2377 (La. 7/1/08), 985 So.2d 709, 719-720.

The defendant failed to follow the proper procedure for preserving his challenge to the non-unanimous verdict in this matter. However, the error is reviewable as patent error. See **State v. Boyd**, 2019-00953 (La. 6/3/20), 296 So.3d 1024-1025 (per curiam). The minutes reflect that only ten of twelve jurors concurred in the verdict. Accordingly, this claim is properly before this court.