## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 KA 0390

STATE OF LOUISIANA

VERSUS

CODY PAUL DUPRE

Judgment Rendered: **DEC 2 2 2021**

\* \* \* \* \* \* \* \*

Appealed from the 32nd Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Case No. 773769

The Honorable Juan W. Pickett, Judge Presiding

\* \* \* \* \* \* \* \*

Ellen Daigle Doskey
Asst. District Attorney
Joseph L. Waitz, Jr.
District Attorney
Houma, LA

Counsel for Plaintiff/Appellee
State of Louisiana

Jane L. Beebe
Addis, LA

Counsel for Defendant/Appellant
Cody Paul Dupre

BEFORE: LANIER, WOLFE, and BURRIS,[1] JJ.

---

[1] The Honorable William J. Burris, retired, is serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**LANIER, J.**

Defendant, Cody Dupre, was charged by bill of information with aggravated assault of a peace officer, a violation of La. R.S. 14:37.2 (count one); aggravated assault with a firearm, a violation of La. R.S. 14:37.4 (count two); and being a felon in possession of a firearm, a violation of La. R.S. 14:95.1 (count three). He pled not guilty. After a trial by jury, defendant was found guilty as charged by a ten-to-two jury vote on counts one and two, and an eleven-to-one vote on count three. The trial court later adjudicated defendant a habitual offender and imposed three concurrent sentences of twenty years imprisonment at hard labor without the benefit of probation or suspension of sentence. Defendant timely appealed. For the following reasons, we vacate defendant's convictions and sentences, and remand for a new trial.

## CONSTITUTIONALITY OF NONUNANIMOUS VERDICT

In his appellate brief, defendant argues the nonunanimous verdict to convict him violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution. Defendant further argues that the matter should be recognized as error patent on the face of the record. The State likewise acknowledges that defendant's nonunanimous jury verdicts are error patent mandating reversal of his convictions and remand for a new trial.[2]

As now fully recognized and followed by the courts of this state, in **Ramos v. Louisiana,** ___ U.S. ___, ___, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020),

---

[2] The record reveals that defendant did not object to or challenge the constitutionality of the nonunanimous verdicts in the trial court. See La. Code Crim. P. art. 841(A) ("An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence"); **State v. Hammond,** 2019-1580 (La. App. 1st Cir. 8/3/20); 310 So.3d 749, 753, citing **State v. Hatton,** 2007-2377 (La. 7/1/08), 985 So.2d 709, 718 ("[T]he general rule is that a constitutional challenge may not be considered by an appellate court unless it was properly pleaded and raised in the trial court below"). But as correctly noted by the parties, the Louisiana Supreme Court has held that the issue of a nonunanimous jury verdict is an error patent that an appellate court can properly consider pursuant to La. Code Crim. P. art. 920(2), even absent the issue being preserved below. See, e.g., **State v. Curry,** 2019-01723 (La. 6/3/20), 296 So.3d 1030 (per curiam).

the United States Supreme Court overruled **Apodaca v. Oregon**, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by nonunanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406. See also **Schriro v. Summerlin**, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review"); **State v. Cohen**, 2019-00949 (La. 1/27/21), 315 So.3d 202 (per curiam).

Accordingly, defendant's sole assignment of error has merit. Defendant's convictions and sentences are vacated, and this case is remanded to the trial court for further proceedings.

**CONVICTIONS AND SENTENCES VACATED; REMANDED.**

3