STATE OF LOUISIANA

VERSUS

JERMAN NEVEAUX

NO. 23-K-475

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

November 08, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** JERMAN NEVEAUX

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JUNE B. DARENSBURG, DIVISION "C", NUMBER 16-4029

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Stephen J. Windhorst

### WRIT GRANTED; REMANDED

Defendant, Jerman Neveaux, seeks supervisory review of the district court's denial of six motions he filed regarding constitutional challenges to the death penalty. For the reasons that follow, we grant the writ application and remand the matter to the district court for further proceedings.

### PROCEDURAL HISTORY

On October 13, 2016, defendant, Jerman Neveaux, was indicted for the first degree murder of Jefferson Parish Sheriff's Office (JPSO) Detective David Michel in violation of La. R.S. 14:30. The State is seeking the death penalty.

In connection with his first degree murder charge, defendant filed the following motions in the district court challenging the constitutionality of the death penalty:

1. Motion to Bar the Death Penalty as Arbitrarily Applied in Louisiana (Defense Motion 74);

23-K-475

2. Motion to Bar the Death Penalty Because Louisiana Death Penalty Statutes Violate Evolving Standards of Decency (Defense Motion 75);

3. Motion to Bar the Death Penalty Because Mr. Neveaux was only Nineteen Years Old at the Time of the Charged Offense (Defense Motion 76);

4. Motion to Bar the Death Penalty Due to Racial Discrimination Against Minority Adolescents (Defense Motion 77);

5. Motion to Bar the Death Penalty Due to the Systematic Impairment of Capital Jurors (Defense Motion 78);

6. Motion to Bar the Death Penalty in Light of Overwhelming Evidence that Louisiana's Enforcement of Capital Punishment is Infected by an Unacceptable Rate of Error Including a Documented Inability to Protect Innocent Prisoners from Being Sentenced to Death (Defense Motion 79).

On July 23, 2023, the State filed Omnibus Response to Defendant's Motions Relative to Death Penalty Procedures and Substance. Defendant filed six separate replies to the State's response.

On August 21, 2023, the district court heard lengthy arguments specifically addressing defendant's requests for evidentiary hearings on each these six motions. As to defendant's motion 74, to bar the death penalty as arbitrarily applied in Louisiana, the district court stated:

> So…looking at …[the] death penalty due to arbitrariness and in application including geography and race. But that issue was brought before the legislature. The last legislative session if I remember correctly or either - - one of the courts. And I'm forgetting which one. I want to say the legislature debated that.
>
> I do not make the laws. And Mr. Bourke, I think, what you're trying to do is you're trying to place me in a position where as a judge, my only job is to apply the law to the facts. I do not make the laws. That's a legislative job. I can only do my job as a judge; and, therefore, if the legislature and the Supreme Court have ruled on this issue, who am I as a district court judge to change their ruling.

2

>And so, if there is an issue regarding Motion No. 74, it's something that should be taken before the legislature or the Louisiana Supreme Court; and not me as a district court judge. And so you may proffer your evidence, but the Court finds that that's foreclosed. And I will not allow an evidentiary hearing on … Defense Motion 74.

Regarding defendant's motion to bar the death penalty because Louisiana death penalty statutes violate evolving standards of decency, the district court stated:

>Ok. Thank you.
>
>And I'm quite sure the legislature has all of that information, Mr. Bourke, because the more I thought about it, it was the last legislative session that all of this I'm assuming was argued.
>
>And so the Defense Motion 75, the Court find it's foreclosed. It's not a judge, a district court judge decision whether to bar the death penalty or not; or, yes, motion to bar the death penalty because Louisiana death penalty statutes violate evolving standards of decency.
>
>That's an argument that needs to be made in front of the legislature. And then they tell me what to do and that's what I do. All right. So 75 is foreclosed. The Court will not allow an evidentiary hearing. That should be done before the legislature.

As to defendant's motion to bar the death penalty because defendant was only nineteen years old at the time of the charged offense, the district court stated:

>Again, Mr. Bourke, I think you're trying to put me in a position according to the position of a legislator. And I only apply the facts to the law. That's my job as a judge. And so, to request that I rule on this motion and a number of other motions, which if they were not brought before the legislature, last legislative session these arguments, they should have been to help the Louisiana state legislature to decide this issue.
>
>So an evidentiary hearing is denied as to Defense Motion 76.

In denying defendant's request for an evidentiary hearing on defense motion 77, to bar the death penalty due to racial discrimination against minority adolescents, the district court stated:

Okay. For the same reason that the Court noted earlier. This is an argument that should be made before the legislature and not before a district court judge. So that motion for evidentiary hearing, request for evidentiary hearing on that motion is denied.

With respect to defense motion 78, to bar the death penalty due to the systematic impairment of capital jurors, the district court stated:

Okay. Evidentiary hearing on Defense Motion 78 is denied. You stated that we all have J.D.'s, and I don't know what would make those other individuals smarter than you are Mr. Bourke or Mr. Freese or Mr. Allemand or Ms. Landrieu or the other lawyers involved, Mr. Brown or Ms. Lehmann. So those arguments can be made to the State again.

Hopefully, all of this went to the legislature, last legislative session. Hopefully, all of this was argued. If not, there was a missed opportunity for defense counsel.

Regarding the trial court's denial of defense motion 79, to bar the death penalty in light of overwhelming evidence that Louisiana's enforcement of capital punishment is infected by an unacceptable rate of error including a documented inability to protect innocent prisoners from being sentenced to death, the district court stated:

Okay. Same reasons I gave for the others. Defense Motion 79 should be brought for the legislature. Hopefully, it was argued before the legislature. And so an evidentiary hearing on that issue is denied.

Defense counsel noted his objections to the district court's rulings and his intent to proffer evidence in support of his arguments.

A motion hearing was held two days later, on August 23, 2023, at which time defense counsel advised the district court of his intent to present the motions upon which the court had previously heard arguments regarding the requests for evidentiary hearings, which were denied. As to each of defendant's six motions, defense counsel and the prosecutor submitted on briefing and arguments previously made at the August 21, 2023 hearing. The district court thereafter

4

denied each of defense counsel's six motions on the same basis his requests for evidentiary hearings were denied; that is, arguments on matters that should be directed to the legislature, *i.e.*, on the unconstitutionality of the death penalty, are essentially non-recognizable in the district court.

Defendant timely filed the instant writ application seeking review of the district court's rulings.

**DISCUSSION**

In his writ application, defendant argues the district court erred (1) in holding that constitutional challenges to the capital prosecution of Mr. Neveaux must be brought in the legislature and not in district court, and (2) in denying evidentiary hearings and merits rulings on motions presenting well-pleaded allegations raising particularized constitutional claims.

"The powers of government of the state are divided into three separate branches: legislative, executive, and judicial." La. Const. art. II, § 1. The concept of separation of powers is provided for in La. Const. art. II, § 2, which provides that "[e]xcept as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others." In *Anderson v. Ochsner Health Sys.*, 13-2970 (La. 7/1/14), 172 So.3d 579, 581, the Louisiana Supreme Court discussed the respective roles of the legislative and judicial branches of government with respect to statutory interpretation, stating, in part:

> The function of statutory interpretation and the construction given to legislative acts rests with the judicial brank of the government. *Red Stick Studio Dev., L.L.C. v. State ex rel. Dep't of Econ. Dev.*, 2010-0193, p. 9 (La. 1/19/11), 56 So.3d 181, 187.
>
> The paramount question in all cases of statutory interpretation is legislative intent; ascertaining the reason that triggered the interpretation. *In re: Succession of Boyter*, 99-0761, p. 9 (La. 1/7/00), 756 So.2d 1122, 1128. The rules of statutory construction are designed to unveil

and enforce the intent of the legislature. *Id.*; *Stogner v. Stogner*, 98-3044, p.5 (La. 7/7/99), 739 So.2d 762, 766. Legislation is the solemn expression of legislative will; thus, interpretation of a statute involves primarily a search for the legislature's intent. La. Rev.Stat. § 1:4 (2004); La. Civ. Code art. 2; *Lockett v. State, Dept of Transp. and Development*, 03-1767, p. 3 (La. 2/25/04), 869 So.2d 87, 90.

In ascertaining the true meaning of a word, phrase, or section of a statute, the act as a whole must be considered. *Fruge v. Muffoletto*, 242 La. 569, 137 So.2d 336, 339. When doubt exists as to the proper interpretation of a statute, the title or preamble may be used to determine legislative intent. *Authement v. Shappert Engineering*, 02-1631, p. 8 (La. 2/25/03), 840 So.2d 1181, 1186.

The standard of review in determining the constitutionality of a statute, a question of law, is *de novo*. A *de novo* review means the court will decide the matter after considering the statute at issue, the relevant law, and record without deference to the legal conclusions of the courts below. *Id.*

Statutes are generally presumed to be constitutional, and the party challenging the validity of the statute bears the burden of proving it is unconstitutional. *State v. Hatton*, 07-2377 (La. 7/1/08), 985 So.2d 709, 719. When analyzing a constitutional challenge to a statute, a three-step analysis is employed to determine whether the challenger has met his burden of proof: (1) unconstitutionality must be raised in the district court; (2) constitutionality must be specifically pleaded; and (3) the grounds outlining the basis of unconstitutionality must be particularized. *Id.* at 718-20. The purpose of these procedural rules is to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute. *Id.* at 719. The opportunity to fully brief and argue the constitutional issues provides the trial court with thoughtful and complete arguments relating to the issue of constitutionality and furnishes reviewing courts with an adequate record upon which to consider the constitutionality of the statute. *Id.*

Here, the record reflects that defendant filed six motions challenging the constitutionality of the death penalty statutes. Defendant raised the unconstitutionality of the statutes in the district court, specifically pleaded the unconstitutionality of the statutes, and particularized the grounds outlining the basis of unconstitutionality. *See Hatton*, *supra*. Thereafter, the district court denied defendant's requests for evidentiary hearings on the six motions. Two days later, the district court denied defendant's six motions on the merits. However, the district court denied the requests for the evidentiary hearings and the motions on the merits based on its mistaken belief that constitutional challenges to the death penalty must be brought before the legislature and not in the district court.

Based on the Supreme Court's pronouncement in *Hatton*, *supra*, we find defendant's constitutional challenges were properly brought before the district court, who had the authority to rule on them and, if necessary, hold evidentiary hearings. Accordingly, we grant defendant's writ application, and remand the matter to the district court for further proceedings.

Gretna, Louisiana, this 8th day of November, 2023.

**SMC**
**FHW**
**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **11/08/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-K-475**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable June B. Darensburg (DISTRICT JUDGE)
Richard J. Bourke (Relator)          Thomas J. Butler (Respondent)
Elliott T. Brown (Relator)           Darren A. Allemand (Respondent)

### MAILED

Honorable Paul D. Connick, Jr.
(Respondent)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053