PONDER, Justice.
 

 The accused, Joe O. Herring, was charged in the City Court of Shreveport in that he “* * * unlawfully and unnecessarily did cruelly kill a domestic animal, to-wit a dog * * Upon trial he was convicted and sentenced to pay a fine of $50, and costs. Upon appeal to the First Judicial District Court, Caddo Parish, the conviction and sentence were affirmed. The
 
 *1086
 
 defendant has invoked the exercise of our supervisory powers.
 

 The defendant contends that the allegations in the affidavit under which he was tried do not set forth any crime or offense against the laws of the State. He raised this question in the City. Court by way of motion in arrest of judgment, and when the case went to the district court on appeal the same question was raised by demurrer, motion to quash, and motion in arrest of judgment.
 

 His attack on the affidavit is twofold: First, that there is no allegation therein that the owner of the dog had paid for and placed a collar around the neck of the dog, a license tax tag, nor that the dog had such tag on his collar at the time it was killed; nor that such dog was not off the premises and out of the control of its owner, as required by Act No. 239 of 1918. Second, that the affidavit fails to set forth the essential elements of the offense of cruelty to animals, as defined by Act No. 43 of 1942, Article 102 of the Criminal Code, which reads as follows:
 

 “Cruelty to animals is the intentional or criminally negligent mistreatment of any animal by any act, or omission whereby unjustifiable physical pain, suffering or death is caused to or permitted upon said animal.
 

 “Whoever commits the crime of cruelty to animals shall be fined not more than one hundred dollars, or imprisoned 'for not more than ninety days, or both.”
 

 Counsel for the State attacked the constitutionality of Act No. 239 of 1918, and took the alternative position that the statute, if constitutional, was repealed by Act No. 43 of 1942, or Article 102, Criminal Code.
 

 The district court in overruling the motion to quash the affidavit held that Act No. 239 of 1918 was unconstitutional in that the act was broader than its title. The district court expressed the further opinion that Act No. 43 of 1942, Article 102 of the Criminal Code, being a later act on the same subject matter, repealed Act No. 239 of 1918. The district judge, in his reasons for judgment, states that the title of the act failed to disclose any immunity or exemption from prosecution for any person who mistreats or kills a dog, and for that reason the act is broader than its. title.
 

 We are of the opinion that the lower court erred in passing on the constitutionality of Act No. 239 of 1918. Our courts-cannot entertain attacks on the constitutionality of a law except where it is specially pleaded. It is conceded in the State’s, brief that the attack on the constitutionality of the act was raised by way of oral argument in the district court. This Court has consistently refused to consider an attack on the constitutionality of a law where such issue is not raised by the pleadings. The attack on the constitutionality of a law must be urged by special plea setting forth therein grounds on which it is claimed that
 
 *1088
 
 the law is unconstitutional. City of Shreveport v. Pedro, 170 La. 351, 127 So. 865; State v. Great A. & P. Tea Co., 190 La. 925, 183 So. 219, certiorari denied, Great A. & P. Tea Co. v. State of La., 305 U.S. 637, 59 S.Ct. 108, 83 L.Ed. 410; A. Sulka & Co. v. City of New Orleans, 208 La. 585, 23 So.2d 224.
 

 Act No. 239 of 1918 is more in the nature of a police regulation than a revenue statute. As pointed out in the case of Duval v. Harvey, 148 La. 739, 87 So. 730, the payment of the license is not obligatory. Act No. 239 of 1918 and Act No. 43 of 1942, Article 102, are not inconsistent. The purpose of the prior act is to prohibit the running at large of dogs, the imposition of license tax, and the granting of permission to kill dogs under the circumstances enunciated in the statute. The latter act is designed to prevent cruelty to dogs and other animals. The purposes of the acts are entirely different, and are not inconsistent. An act cannot be considered as repealing another act unless their provisions1 are inconsistent. This principle of law is so well settled that it is not necessary to cite authorities to support it. Repeals by implication are not favored by law, and a general statute cannot be construed to repeal a special statute unless the intention to repeal is evident. State v. Theard, 203 La. 1026, 14 So.2d 824.
 

 The allegations in the affidavit do not set-forth an offense. “Unnecessarily” is not of the same import as “intentionally” or “cruelly negligent mistreatment.” No short form was resorted to. Such being the case, the charge must set forth every fact and circumstance necessary to constitute the offense. Article 227, Code of Criminal Procedure. Since the pleader did not follow the language of the statute or use words of similar import, the allegation that the defendant “did cruelly kill a domestic animal, to-wit, a dog” could be considered nothing more than the conclusion of the pleader. This is especially true since dogs are permitted by law, under Act No. 239 of 1918, to be killed. In other words, the charge should not be so loosely drawn that it could cover an act permitted by law, and should sufficiently set forth facts and circumstances that constitute an offense.
 

 For the reasons assigned, the conviction and sentence are annulled and set aside. The defendant is hence discharged.
 

 Ó’NIELL, C. J., dissents.
 

 ' FOURNET, HAWTHORNE, and HAMITER, JJ., concur in the decree.