938 So.2d 691 (2006)
STATE of Louisiana
v.
Alan B. JAMES.
No. 2005-KP-2512.
Supreme Court of Louisiana.
September 29, 2006.
PER CURIAM.
Granted. The court of appeal's order for an evidentiary hearing on one of three claims asserted by respondent is vacated and the district court's judgment summarily dismissing respondent/petitioner's application for post-conviction relief of all claims asserted is reinstated.
Though this Court recognizes that an attorney's interference with a defendant's desire to testify may violate the defendant's constitutional rights, we also require that the claimant "allege specific facts, including an affidavit from counsel" and point to record evidence to support his claim. State v. Hampton, 00-0522, p. 14-15 (La.3/22/02), 818 So.2d 720, 729-30. We derived these criteria from the decision in Passos-Paternina v. United States, 12 F.Supp.2d 231, 239 (D.P.R.1998), which emphasized that "mere conclusory allegations are insufficient" to rebut a presumption arising from a defendant's silence at trial that he waived his right to testify. The petitioner must therefore "allege specific facts from which a court could reasonably find" that counsel either informed his client that he was legally forbidden to testify or in some way compelled him to remain silent, and he must also "demonstrate from the record that those specific factual allegations would be credible." Passos-Paternia, 12 F.Supp.2d at 239 (internal quotation marks and citation omitted); see also Underwood v. Clark, 939 F.2d 473, 475-76 (7th Cir.1991)(allegation in petition that inmate told his attorney that he wished to testify and his attorney told him he could not testify insufficient to require a hearing on the claim: "Some greater particularity is necessary . . . [and] some substantiation is necessary, such as an affidavit from the lawyer who allegedly forbade his client to testify . . . to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim.")
The criteria adopted in Hampton and derived from Passos-Paternina are therefore guidelines not only for prevailing on the merits of the claim but also for making the claim with sufficient particularity to withstand summary denial on the pleadings without further evidentiary proceedings. In the present case, respondant alleged *692 in his application for post-conviction relief that (1) he and his attorneys had agreed well before trial that he would testify; (2) that counsel then "unequivocally erred in usurping his decision-making power" by preventing him from taking the stand; and (3) that the trial court failed to conduct any inquiry as to whether he had been informed of his right to testify and whether he chose to testify or not. However, because in almost all cases a trial court may presume from a defendant's silence that he waived his right to testify, Passos-Paternia, 12 F.Supp.2d 238-39, respondent's claim rests on the first two allegations. The trial court denied the claim under the general provisions of La. C.Cr.P. art. 926(B)(3) because respondent had failed to "specify[] with reasonable particularity the factual basis for such relief." Given the criteria adopted in Hampton from federal jurisprudence on point, we find no abuse of discretion by the district court in that ruling.
CALOGERO, C.J., additionally concurs and assigns reasons.
WEIMER, J., to grant and docket.
CALOGERO, Chief Justice, additionally concurs and assigns reasons.
Because the pro se respondent is unrepresented and the court's present action grant's the State's writ application with reasons, which the respondent will see for the first time upon receipt of this ruling, I additionally concur to point out what the respondent no doubt already knows: Under the rules of this court, namely La. Sup.Ct. Rule IX, the respondent may indeed seek a rehearing and file a brief or reasons in support of his application for rehearing.