PER CURIAM.
Denied. Relator fails to show he received ineffective assistance of trial and appellate counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As to the remaining claims, relator shows no error in the thorough analysis performed by the District Court. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr,P. art. 930.8. Notably, the Legislature iii 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive ^application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
GUIDRY, J. recused.
*1005 ATTACHMENT
[[Image here]]
This matter pomes before the eourt on petitioner's APPLICATION FOR POST-CONVICTION RELIEF. STAMPED AS FILED JULY 10. 2014¡ STATE'S RESPONSE.
STAMPED AS-FILED DECEMBER 2.2014. AND PETITIONER'S TRAVERSE TO THE
STATE’S OPPOSITION. STAMPED AS FILED DECEMBER 29.2⅜1⅜.
On April 17, 2012, petitioner was convicted of count #1, LSA-R.S. 14:30.1, second degree murder, and Count #3, LSA-R.S. 14:130.1, obstruction of justice. On April 30,2012, the court sentenced him onvount #1 to life imprisonment at hard labor, and on count #3 to 30 years, consecutively. His convictions and sentences'Wore affirmed on appeal. State v. Arnaud, 12-899 (La.App. 5 Cir. 5/16/13), 113 So.3d 1218; writ denied, State ex rel Arnaud v. State, 2013-1985 (La.3/21/14); 135 So.3d 614.
Hie petitioner filed an application for post-conyietton relief, alleging the following claims;
1. Insufficient evidence.
2. Petitioner was denied right to testify,
3. Ineffective assistance of counsel for
a. Failing to object to prosecutor’s misstatement of law of principals during voir dire.
b. Failure to make an opening statement.
c. Failure to object to prejudicial and irrelevant hearsay.'
d. Failure to properly cross-examine Gregory Ford.
e. Failure to object’to prosecutor’s repeated attempts to bolster Gregory Ford’s credibility through use of expert testimony.
f. Failure to object to prosecutor’s coercive misconduct,
g. Placed petitioner on scene in closing argument.
4. Ineffective assistance of appellate counsel,
5. Violation of right to equal protection - Louisiana's non-unaniraous verdict system was enacted for racially discriminatory purposes.
cipimJ.l,
The court finds this claim proceduraliy-denied under LSA-C.Cr.P, art 930.4(C), which states if the application alleges a claim that was raised-at trial, but was inexcusably not pursued on appeal, the court may deny relief. Petitioner raised this claim in his Motion ferNew Trial, but tidied to pursue it on appeal. The court finds this claim proceduraliy barred ftom review.
fikiinjg
Petitioner claims that he was denied the right to testify at trial. He argues that his trial counsel informed him that the prosecutor informed him that should he testify on his own behalf, the State would charge his wife with accessory after the fact, and thus he was deprived the r.ght to present his defense.
The petitioner fails to provide the necessary requirements to support this claim as required by the Louisiana Supreme Court in State v. James, 05-2512 (La.9/29/06), 938 So.2d 691, which states, “Though this. Court recognizes'that an attorney’s interference- with a defendant’s desire to testify may violate the defendant's constitutional rights, wo also require that the claimant ‘allege specific facts, including an affidavit' from counsel’ and point to record evidence to-support his claim. State v. Hampton, 05-0522, p. 14-15 (La.3/22/02), 818 So.2d 720, 729-30.
[[Image here]]
*1006 State v. Arnaud, No. 11-721 Div, 6
Petitioner's claim is merely speculative. Nothing in the record or in petitioner's application supports these allegations. Petitioner has not met his burden of proof, and this claim will be denied.
Furthermore, as the State points out in its response, petitioner stated on the record, when asked by his trial counsel, that he was choosing on his own fide Will not to testify in this ease. The court then conducted a colloquy with petitioner, insuring that petitioner understood that Ids was his choice to testify, and that' be could not be forced to make one choice or the other.
Petitioner, in his traverse, argues that Ae State Ailed to address prosecutorial misconduct. However, he court finds no merit to this claim. It is within the District Attorney’s power and authority to institute charges, as Ae District Attorney has entire charge and control of every criminal prosecution instituted or pending in his distriot, and determines whom, when, and how he shall prosecute. LSA-G.'Cr.P, art, 61.
⅞!⅛⅜⅛.⅛⅛⅛ Apiglffig.cja£.Cfam5d
It is clear Aat the petitioner has a Sbrth Amendment right to effective legal counsel. Undor Ae well-known standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and State v. Washington, 491 So.2d 1337 (La.1986), a conviotion must be reversed if Ae defendant proves (1) Aat counsel's performance fell below an objective standard of reasonableness under prevailing professional-norms, and (2) counsel's inadequate performance prejudiced defendant to Ae extent Aat the (rial was rendered unfair and Ae verdict suspect. State v. Legrand, 2002-1462 (La.12/3/03), 864 So.2d 89.
To be successful to arguing aolqlro of ineffective assistance of counsel, apost-eonvlctlon petitioner must prove deficient performance to tbo point'that oounsel is not functioning as counsel within Ae meaning of Ae SixA Amendment. A petitioner must also prove actual prejudice to Ae point Aat Ac results of Ae trial cannot be trusted. It Is absolutely essential Aat both prongs of the Strickland test must be established befere relief will be granted by a reviewing court.
Furthermore, Acre is a strong presumption Aat counsel's performance is within Ae wide range of effeetive.representatlon. Effective counsel, however, does not mean errorless oounsel and Ae reviewing court does not judge counsel’s performance wlA Ae distorting benefits of hindsight, hut ra&er deteimines whether counsel was reasonably likely to render- effective assistance. State v. Solar, 93-1042 (La.App, 5 Cir. 4/26/94), 636 So.2d 1069, 1075.
Mindful of controlling federal and state jurisprudence, fids court now toms to Ac specific claims of ineffective assistance made In.petltioner's application and argued in Ae memorandum ju support, as well as the State’B response and petitioner’s traversal,
M .
Petitioner claims that counsel was ineffective in falling to object to the State’s example of principles used in voir dire. The court finds no merit to this claim, as It was merely a hypothetical, and was' used to accurately explain how one could be charged as a principle to an offense wiAout-possessing any Intent to commit the crime. The court finds no error in his explanation, as it relates to Ae crimes for which petitioner'was charged-as enumerated in LSA-R.S. 14;30.1(A)(2). Furthermore, Ae petitioner- fells, to prove any prejudice. Regardless, Ae court properly instructed-Ae jury regarding the elements of Ae charged offenses, principles, ond utlempt,
3(b)
Petitioner claims that coiinsel was ineffective in waiving opening statements. Petitioner fails to estábil A any deficiency in counsel's performance, or any prejudice resulting, This claim Is purely speculative and conolusoiy. On Ae showing made, It will be denied.
3(c)
Petitioner claims that counsel was Ineffective in allowing hearsay during Ae State’s direct examination- of Sergeant Spera. The court finds no merit to Ais claim, as Ae testimony of Spera does not contato hearsay.. Hearsay is a statement, other Ann one made by Ae declarant while testifying at Ae present tidal or hearing, offered In evidence to prove Ae truA of the matter asserted. LSA-C.E, 801(C). Petitioner’s allegations on misplaced. The court finds no merit to this claim,
3(d)
Petitioner claims Aat counsel was ineffective far Ailing to cross-examine Mr. Ford as to prior oalls to police and shootings at his mother’s home by Hispanic people. The court finds no merit-to this- claim, os this claim is solely based on speculation. Petitioner fails to prove any prejudice resulting.
*1007 State v. Arnaud, No. 11.721 Dlv, E
3(e)
Petitioner claims the counsel was Ineffective ftr failing to object to prosecutor’s repeated attempts to bolster Ford's credibility through use of expert testimony. As the State surmises in its response, under LSA-C.E, 702, the expert witnesses are authorized to testify as to their observations and opinions. Petitioner fails to establish how this line, of questioning was improper or illegal. Petitioner fhlls to prove any deficiency in cOounsel’s performance, or prejudice resulting.
3®
Petitioner claims that counsel was ineffective for fitiling to object to prosecutor's misconduct by threatening to charge petitioner’s wife with accessory after the fhet in petitioner were to testily on his own behalf, As previously noted (claim #2, above), petitioner’s claim is unsupported and purely speculative, as the reoord reflecta that petitioner was not prevented ftom testifying. The court finds no deficiency in counsel’s performance and no prejudice resulting. 3(g) .
Petitioner claims that counsel was ineffective for placing defendant on.the murder scene in her closing argument, without discussing with him. The court finds that this claim of ineffective assistance of counsel go to trial counsel’s strategy. The Supreme Court has emphatically directed that, "in evaluating the performance of counsel, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made alter less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.” Strickland, 466 U.S. at 690-691, 104 S.Ct. 2052, 80 L.Ed.2d 674.
Furthermore, as the State surmises in its response, other evidence was presented that established that the three men left the bar together, and that defendant assisted Ford in tampering with and/or destroying oYidence in attempt to influence the Investigation of the murder. Petitioner fhils to prove that counsel acted deficiently, and that prejudice resulted.
Cldim.jH.-.tetrwHyc-Aasjttauce.of.Appeliate.CamMl'
Petitioner claims that appellate counsel was ineffective for failing to assign and brief a claim of insufficient evidence. ⅛ reviewing claims of ineffective assistance of counsel on direct appeal, the Supreme Court of the United Stains has expressly observed that appellate counsel “need not advance every argument, regardless of merit, urged by the defendant. Evitts v. Lucey, 469 U.S. 387, 394 (1985), The Court gives great deference to professional appellate strategy and applauds counsel for "winnowing out weaker arguments on appeal and focusing on one central issue If possible, and at most a few key issues. Jones v. Barnes, 463 U.S. 745 (1983). This is true even where the weaker arguments have merit. Id. at 751-2.
when thtiolaim of ineffective assistance of appellate counsel is based on failure to raise, the issue on appeal, the prejudice prong of the Strickland test requires the petitioner to establish that the appellate court would have granted relief had the issue been raised. United States v. Phillips, 210 F.3d 345, 350 (5 Cir. 2000),
In his application, petitioner fails to establish that counsel was ineffective, as the feats and evidence presented at trial were constitutionally sufficient for the jury to return a verdict of guilty. The petitioner fails to prove that appellate counsel would have been successful in pursing tins issue of appeal.
ClaitaJS
Petitioner claims that Ihe law permitting a noil-unanimous jury verdict violated his right to equal protection. The statute in question is LSA-C.Cr.P, art 782, which reads as follows:

Number cojurors composlngjury; number which must concur; waiver

A, Cases In which punishment may be capital shall be tried by a jury oftwelve jurors, all of wham must concur to render a verdict, Cases In which punishment is necessarily confinement at hard labor shall be tried by a jury composed oftwelve jurors, ten ofwhom must concur to render a verdict. Cases in which ihe punishment may be confinement at hard labor shall be tried by a Jury composed ofsix jurors, all of whom must concur to render a verdict.

B. Trial by jury may be knowingly and Intelligently waived by the defendant except in capital cases.

As the State points out in its response, the court finds this claim procedurally haired. Under LSA-C.Cr.P, art 930.4, if the application alleges a claim which the petitioner had *1008 knowledge and inexcusably lulled to raise in tire proceedings leading to conviction, the court may deny relief. Furthermore, the court finds that under State ex rel Rice v. State, 749 So.2d 650 (La. 1999), petitioner’s use of the uniform Application satisfies the requirement of LSA-C.Cr.P. art, 930.4(F), The court finds this claim procedurally barred from review in post-conviction relief.
State v. Arnaud, No, 11-721 Div. E
Furthermore, petitioner fails to follow the proper procedure for at contesting the constitutionality. The Louisiana Supreme Court has outlined the propor procedure for challenging the constitutionally of a statute:
' while there is no single procedure for attacking the constitutionality of a statute, it has long been held that the unconstitutionaHly of a statute must be specially pleaded and the grounds for the claim particularized. State v. Schoening, 00-0903, p. 3 (La.10(17/00), 770 So.2d 762, 764 (citing Valla v. Gayle Oil Co., 94-1238, p, 8 (La.11/30/94), 646 So.2d 859, 864-65). This Court has expressed the challenger's burden as a three step analysis. First, a party mustraise the unconstítutionallty in the trial court; second, the unconstitutlonality of a statute must be specially pleaded; and third, the grounds outlining the basis of unconstitutionality must bo particularized. Vallo v. Gayle Oil Co. Inc., 94-1238, p, 8 (La.11/30/94), 646 So.2d 859, 864-865). The purpose of these procedural rules is to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of me challenged statute. State v. Schoening, 00-0903, p. 3 (La.10/17/00), 770 So.2d 762, 764 (citing Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 865), The opportunity to telly brief and argue tbe constitutional Issues provides the trial court with thoughtfirl and complete arguments relating to the issue of constitutionality and fiimishes reviewing courts with an adequate record upon which to consider the constitutionality of the statute. Id.
The final step of the analysis articulated above requires that the grounds outlining the basis of the unconstitutionallty bo particularized. This Court has thoroughly considered the standard for particularizing the constitutional grounds. The purpose of partioUlnrizing the constitutional grounds is so.thatthe adjudicating conn can analyze and interpret the language of the constitutional provision specified hy the challenger. State v. Expunged Record (No.) 249, 044, 03-1940, p. 4 (La.7/2/04), 881 So.2d 104, 107 (citing Louisiana Mun. Ass'n v. State, 00-0374, p, 5 (La.10/6/00), 773 So.2d 663, 667 (“In adjudicating [a) conshTutlonal challenge, the court must analyze and Jnterpretthe language of tbe constitutional provision specified by the challenger.”)). This basic principle dictates that the party challenging the constitutionality of a statute must cite to the specific provisions of the constitution which prohibits the action. State v. Floury, 01-0871, p, 5 (La.10/16/01), 799 So.2d 468, 472 (citing Moore v. Roemer, 567 So.2d 75, 78 (La.1990)); see also State v. Granger, 07—2285, p. 3 (La.5/21(08), 982 So.2d 779; State v. Herring, 211 La. 1083, 31 So.2d 218, 219-220 (1947) (citing City of Shreveport v. Pedro, 170 La. 351, 127 So. 865 (La.1930)); A. Sulka & Co. v. City of New Orleans, 208 La. 585, 23 So.2d 224, 229 (1945) (“It is elementary that he who urges the unconstitutionallty of a law must especially plead its uncottatitutionality and show specifically wherein it is unconstitutional,..,").
in addition to the three step analysis for. challenging the constitutionality of a statute; the specific plea of uneonstituticitality and the grounds therefor must be raised in apleading. See State v. Schoening, 00-0903, p.4 (La.10/17/00), 770 So. 2d 762, 765, citing Williams v. State, Dept. of Health and Hospitals, 95-0713, p. 6 (La. 1/26/96), 671 So.2d 899, 902 (recogrrizing that “Louisiana jurisprudence requires that the constitutionality of a statute be specialty pleaded in a petition, exception, written motion, or answer and Aat the grounds be particularized, so that the parties are given sufficient time to brief and prepare arguments regarding their position on a constitutional .question.”); State v. Campbell, 263 La. 1058, 270 So.2d 506 (1972)(wherein this Court refused to consider grounds of unconstitutionallty not raised in thedefendant's Motion to Quash); State v. Herring, 211 La. 1083, 31 So.2d 218, 219-220 (1947) (“This Court has consistently refused to consider an attack on the constitutionality of a law where such issue is not rated by the pleadings. The attack on, the constitutionality of n.law must be urged by special plea setting forth therein grounds on which it is claimed that the law is unconstitutional”).
Thus, in light of the foregoing jurisprudential rules, ⅛ order to properly confect a constitutional challenge, a party must raise the constitutional issue In the trial court by *1009 raising the unconstitutionaiity and the grounds outlining the basis of the alleged • unconstitutionaiity in a property filed pleading in ths trial court,...
State v. Arnaud, No. 11-721 Div. E
State v. Hatton, 2007-2377 (La. 7/1/08), 985 So. 2d 709,719-20. la this case, petitioner clearly foils to Mow the proper procedure in attacking LS A-C,Cr,P. art 782, as he did not file a proper pleading at the appropriate time.
Furthermore, even if petitioner Had property filed such pleading, it would have been without merit and properly denied. The First Circuit Court of Appeal recently addressed this same issue, relying on the Louisiana Supreme Court’s decision in State v. Bertrand, 2008-2215 (3/17/09) 6 So.3d 738:
In two related assignments of error, the defendant argües that Louisiana Constitution article I, 517 A, that allows for non-unanimous juty verdicts, violates the and Fourteenth Amendments of the United States Constitution, Specifically, the defendant argues that the enactment of its source provision in the Louisiana Constitution of 1898 whs motivated by an express and overt desire to discriminate on the basis of race,
The punishment for second degree murder'is life imprisonment at hard labor without-the benefit of parole, probation, or suspension of sentence. See La, R,S, 14:30.1 B. Article I,•§ 17 A and Louisiana Code of Criminal Procedure article 782(A) provide that in cases where punishment is necessarily at hard labor, the case shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdictUnder both state and federal jurisprudence, a criminal conviction by a less than unanimous jury docs not violate the right to trial by jury specified by the Sixth Amendment and made applicable to the states by the Fourteenth Amendment See Apadaca v. Oregon, 406 U.S. 404, 406, 92 S.Ct. 1628, 1630, 32 L.Ed.2d 184 (1972); State v. Belgard, 410 So.2d 720, 726-27 (La.1982); State v. Shanks, 97-1885, pp. 15-16 (La.App. 1 Cir. 6/29/98), 715 So.2d 157, 164-165.
This court and the Louisiana Supreme Court bnvo previously rejected the argument raised in defendant's assignments of error. See State v. Bertrand, 2008-2215, pp. 6-7 (La.3/17/09), 6 So.3d 738, 742-43; State v. Smith, 2006-0820, pp. 23-24 (La.App. 1 Cir. 12/28/06), 952 So.2d 1, 16, writ denied, 2007-0211 (Lo.9/28/07), 964 So.2d 352. In Bertrand, the Louisiana Supreme Court specifically found that-a non-unanimous twelve-person jury verdict is constitutional and that Article 782 does not violate the Fifth, Sixth, and Fourteenth Amendments. Moreover, the Bertrand court' rejected the argument that non-unanimous jury verdlots have an insidious racial compodent and pointed out that a majority of the United States Supremo Court also rejected that argument in Apadaca. Although Apodaca was a plurality rather than a majority decision, the United States Supreme Court has cited or discussedthe opinion various times since its issuance and, on each of these occasions, it isapparent that its holding as to non-unanimous jury verdicts represents well-settled law. Bertrand, 2008— 2215 at 6-7,6 So.3d at 742-743. Thus, Louisiana Constitution article I, § 17 A and Louisiana Code of CrimitialProcedure article 782(A) are not unconstitutional and, therefore, not in violation of the defendants federal constitutional rights.
State v. Hammond, 2012-1559 (La.App 1 Cir. 3/25/13), 115 So. 3d 513, 514-15 (La. Ct. App.) writ denied. 2013-0887 (La. 11/8/13), 125 So. 3d 442 and cert. denied, 134 S. Ct. 1939, 188 L. Ed. 2d 965 (2014).
*1010 State v. Arnoud No. 11-721 Div. E
Conclusion
Under LSA- C.Cr.P. art 930.2, the petitioner ítt an application for post-conviction relief shall have ’the tarden of proving that relief should be granted. Petitioner falls to prove his burden as to any of bis aforementioned claims.
The court notes that petitioner has requested appointment of counsel and an evidentiary hearing. The court finds that petitioner is not entitled to appointed counsel or an evidentiary hearing. Under LSA-C.Cr.P. art. 929, if the court determines ilia: the factual and legal issues can be resolved based upon the application and answer, and supporting documents, the court may grant or deny ielief without further proceedings.
Accordingly,
IT IS' THE ORDER OF THIS COURT that petinW’s Application for Post-Conviction Relief, Motion for Evidentiary Hearing, and Motion fonAppomtmenl ofCounsel and the same are hereby DENIED. \
[[Image here]]