| STATE OF LOUISIANA | * | NO. 2024-C-0060 |
| | | |
| VERSUS | * | |
| | | COURT OF APPEAL |
| IN THE INTEREST OF K.S. | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
JUVENILE COURT ORLEANS PARISH
NO. 2024-028-03-DQ-A, SECTION "E"
HONORABLE Desiree Cook-Calvin, JUDGE
Derek Russ, Hearing Officer
\* \* \* \* \* \*
**Chief Judge Terri F. Love**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge Daniel L. Dysart)


Jerome Matthews
Matthews Law Office, LLC
1901 Manhattan Blvd, Bldg D
Harvey, LA 70058

    COUNSEL FOR RELATOR/DEFENDANT/K.S.

Jason Rogers Williams
District Attorney
Parish of Orleans
Brad Scott
Assistant District Attorney
Parish of Orleans
619 South White Street
New Orleans, LA 70119

    COUNSEL FOR STATE OF LOUISIANA

                      **WRIT GRANTED IN PART; REMANDED**
                                    **February 9, 2024**

*TFL*

*RLB*

*DLD*

Relator, K.S., a juvenile remaining in custody, seeks review of the denial of four motions, the majority of which challenge the legality of a Hearing Officer presiding over juvenile matters.

After our review, we find that the proper procedure for challenging the recommendations of the Hearing Officer were not followed. Because the application for supervisory review was filed within the ten-day period for objecting to the recommendations, we exercise our supervisory jurisdiction to grant the writ in part, for the limited purpose of remand. We remand the matter for consideration of the application as a written and filed objection to the Hearing Officer's recommendations and further proceedings consistent with this opinion.

## *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

This application for supervisory review seeking expedited consideration arises from criminal activities that occurred on July 17, 2022. On or about July 17, 2022, K.M., escaped from the Bridge City Detention Center, allegedly stole a Ford F550 belonging to Beverly Industries, and picked up K.S. While driving around New Orleans, K.M. drove to the intersection of Loyola and Nashville Avenues, wherein he allegedly exited the truck and shot a man. K.M. and K.S. then drove

1

away in the victim's Toyota RAV4. The RAV4 was spotted by Louisiana State Troopers, who initiated a stop. The RAV4 fled from officers at a high rate of speed until it crashed into a utility pole. K.M. and K.S. ran from the vehicle, but both were apprehended and taken into custody.

K.S. was charged in Orleans Parish Juvenile Court ("OPJC") with being a principal to aggravated second degree battery, armed robbery, unauthorized use of a motor vehicle (RAV4), and resisting an officer. The State entered a nolle prosequi as to these charges in OPJC. The State filed a bill of indictment in Orleans Parish Criminal District Court. The indictment was filed 59 days after the arrest of K.S. Counsel for K.S. filed a Motion to Quash the indictment, which the trial court granted. The matter is now pending appeal in this Court, 2023-KA-0586.

On January 25, 2024, counsel for K.S. filed a Motion for Immediate Release pursuant to La. C.Cr.P. art. 913. The motion was granted on January 29, 2024. However, on or around January 25, 2024, the New Orleans Police Department conducted a follow-up investigation into the criminal conduct of July 17, 2022. The NOPD discovered previously undocumented and uncharged criminal acts. Namely, an arrest warrant was issued for K.S. for violations of La. R.S. 14:25/La. R.S. 14:110 - accessory after the fact to simple escape, and La. R.S. 14:68.4 - unauthorized use of a movable (Ford 550). As a result, K.S. was booked into the Orleans Parish Juvenile Justice Center on January 25, 2024.

On January 29, 2024, K.S. appeared for a continued custody hearing with a Hearing Officer. Prior to the start of the hearing, K.S. filed four motions: 1) Motion to Disqualify Hearing Officer From Determining Motions; 2) Motion to Quash Arrest Warrant; 3) Motion for Immediate Release Pursuant to Louisiana

2

Children's Code Article 814; and 4) Motion to Objecting to Hearing Officer Presiding Over Hearing Pursuant to Louisiana Children's Code Article 819. The Hearing Officer recommended denying the motions, the finding of probable cause, and a bond of $30,000.00 with numerous conditions. K.S. immediately sought supervisory relief.

On application for supervisory review, K.S. objects to the use of a Hearing Officer to preside over these proceedings, particularly the Motion to Disqualify, and maintains that the Hearing Officer erred by denying all four motions.

### *HEARING OFFICERS*

As an initial matter and, prior to examining whether the juvenile court erred, we examine the creation of and authority granted to Hearing Officers.

OPJC was faced with a potential workload crisis, which required a new approach to managing their dockets. The OPJC en banc searched for solutions and stated: "Orleans Parish Juvenile Court (OPJC) Judges are experiencing an increased caseload in children in need of care, families in need of services, and juvenile delinquency cases, and considering Juvenile filings in Louisiana's four specialized juvenile courts have increased by 28.60% from 8,863 in 2021 to 11,398 in 2022."

The per curiam submitted by the OPJC Judge and Hearing Officer provided a background look at the solution confected as follows:

> On October 18, 2023, the Orleans Parish Juvenile Court (OPJC) Judges, En Banc, adopted Hearing Office Procedures and appointed Derek Russ as Hearing Officer pursuant to La.Ch.C. Art. 423, and promulgated certain procedures by which the hearing officer shall conduct preadjudication hearings and resolve matters preliminary to adjudication in any proceeding authorized by the Louisiana Children's Code. The Orleans Parish District Attorney Jason Rogers Williams and Louisiana Center

3

for Children's Rights Co-Executive Director Aaron Clark-Rizzio, after review of the Hearing Office Procedures and pre-implementation meeting with OPJC, had no objections to and support the appointment of OPJC's hearing officer.

OPJC's Hearing Office has conducted one hundred and twelve (112) preadjudication hearing in 2023, of which there were only three (3) written objections filed. Fifty-one (51) of those cases were delinquency, preadjudication, continued custody proceedings. OPJC's Hearing Office reviewed 180 warrants. 158 reviews were requested by law enforcement and 22 judicial reviews were requested by the District Attorney's Office.

Furthermore, Hearing Officers are authorized by the Louisiana Legislature.

La. Ch.C. art. 423 provides:

A. (1) The judge or judges of the court may appoint one or more hearing officers to hear child support and support-related matters and to conduct preadjudication hearings and resolve matters preliminary to adjudication in any proceeding authorized by this Code. The judge or judges of the court may request that the clerk of court supply additional personnel, subject to approval of the local governing authority, to support the functions of the additional hearing officers, the cost of which shall be paid by the court.

(2) Notwithstanding any other provisions to the contrary, the judge or judges of the court may authorize one or more hearing officers to accept any agreement reached in a mediation ordered by the court, pursuant to Chapter 6 of Title IV of this Code, regardless of the stage of the case which said agreement would adjudicate. In accepting the mediated agreement from the parties, the hearing officer shall be authorized to perform any duties described in Paragraph C of this Article, including but not limited to making such findings as may be required by law.

(3) No state funds shall be expended to cover the cost of hearing officers or additional personnel provided by the clerk of court.

B. The hearing officer shall be a full-time or part-time employee of the court and shall be an attorney who has practiced for five or more years before the juvenile court and is a member in good standing of the Louisiana State

4

Bar Association. If a part-time employee, the limitations upon the hearing officer's practice of law shall be resolved by local rules.

C. The hearing officer shall perform such duties as are assigned in accordance with local rules not inconsistent with this Article or with the constitution and laws of the state, including:

(1) Administering oaths.
(2) Compelling the attendance of witnesses and issuing subpoenas.
(3) Taking testimony.
(4) Making a record of the hearings.
(5) Summarizing testimony, making findings of fact, and submitting a written recommendation to the court concerning the disposition of the assigned matter.
(6) Hearing and making recommendations on all restraining orders and protective orders filed in accordance with Articles 1569 and 1570.

D. In the performance of any judicial assignment, the hearing officer shall be bound by the provisions of this Code governing the authority and responsibility of a juvenile court judge.

E. The hearing officer shall file his report and recommendations with the court, and a copy shall be promptly provided to all parties or their counsel of record either at the hearing or by mail.

F. Within ten days after transmittal of the hearing officer's report and recommendation, any aggrieved party may serve and file objections in writing to findings or recommendations. The court will then hear the case de novo and enter judgment. For hearings utilizing the expedited process for establishment of paternity and establishment or enforcement of support, the delay for serving and filing objections shall be established pursuant to local rule as provided in R.S. 46:236.5.

G. If no objection has been timely filed and if the court approves the hearing officer's findings and recommendations, the court shall enter the proposed order as the judgment of the court which thereafter may be appealed in the same manner as any other appeal from any other judgment of the court.

## *VALIDITY OF HEARING OFFICERS*

K.S.'s assertions in the motions filed and pleadings filed with this Court attempt to challenge the constitutionality of La. Ch.C. art. 423 and the validity of the Hearing Officers duties as assigned by OPJC.

"[C]ourts are generally reluctant to address the constitutionality of legislation unless required by the particular case and issue before them." *State v. Hatton*, 07-2377, p. 13 (La. 7/1/08), 985 So. 2d 709, 718 (citing *State v. Schoening*, 00-0903, p. 3 (La. 10/17/00), 770 So. 2d 762, 764). "Statutes are generally presumed to be constitutional and the party challenging the validity of the statute bears the burden of proving it is unconstitutional." *Id.*, 07-2377, p. 13, 985 So. 2d at 719. "[I]f a party wishes to challenge the constitutionality of a statute, the party must do so properly." *Id.*, 07-2377, p. 14, 985 So. 2d at 719.

The Louisiana Supreme Court has outlined the general process for challenging a statute's constitutionality as follows:

> While there is no single procedure for attacking the constitutionality of a statute, it has long been held that the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. *State v. Schoening*, 00-0903, p. 3 (La.10/17/00), 770 So.2d 762, 764 (citing *Vallo v. Gayle Oil Co.*, 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864–65). This Court has expressed the challenger's burden as a three step analysis. First, a party must raise the unconstitutionality in the trial court; second, the unconstitutionality of a statute must be specially pleaded; and third, the grounds outlining the basis of unconstitutionality must be particularized. *Vallo v. Gayle Oil Co., Inc.*, 94–1238, p. 8 (La.11/30/94), 646 So.2d 859, 864–865. The purpose of these procedural rules is to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute. *State v. Schoening*, 00–0903, p. 3 (La.10/17/00), 770 So.2d 762, 764 (citing *Vallo v. Gayle Oil Co., Inc.*, 94–1238, p. 8 (La.11/30/94), 646 So.2d 859, 865). The opportunity to fully brief and argue the constitutional issues provides

the trial court with thoughtful and complete arguments relating to the issue of constitutionality and furnishes reviewing courts with an adequate record upon which to consider the constitutionality of the statute. *Id.*

\*         \*         \*

In addition to the three step analysis for challenging the constitutionality of a statute, the specific plea of unconstitutionality and the grounds therefor must be raised in a pleading. *See State v. Schoening*, 00–0903, p. 4 (La.10/17/00), 770 So.2d 762, 765, citing *Williams v. State, Dept. of Health and Hospitals*, 95–0713, p. 6 (La.1/26/96), 671 So.2d 899, 902 (recognizing that "Louisiana jurisprudence requires that the constitutionality of a statute be specially pleaded in a petition, exception, written motion, or answer and that the grounds be particularized, so that the parties are given sufficient time to brief and prepare arguments regarding their position on a constitutional question."); *State v. Campbell*, 263 La. 1058, 270 So.2d 506 (1972)(wherein this Court refused to consider grounds of unconstitutionality not raised in the defendant's Motion to Quash); *State v. Herring*, 211 La. 1083, 31 So.2d 218, 219–220 (1947) ("This Court has consistently refused to consider an attack on the constitutionality of a law where such issue is not raised by the pleadings. The attack on the constitutionality of a law must be urged by special plea setting forth therein grounds on which it is claimed that the law is unconstitutional.").

*Hatton*, 07-2377, pp. 14-16, 985 So. 2d at 719-20.

These procedures were not followed in the instant action. Therefore, presuming La. Ch.C. art. 423 is valid, we turn to examining the Hearing Officer's recommendations and the orders of the OPJC Judge.

### *HEARING OFFICER RECOMMENDATIONS*

Section (E) of La. Ch.C. art. 423 provides that "[t]he hearing officer shall file his report and recommendations with the court, and a copy shall be promptly provided to all parties or their counsel of record either at the hearing or by mail." The OPJC directives strictly provide that the Hearing Officer's report and recommendations "shall not be provided to the Duty Judge hearing the case." The

7

directives further state that the Hearing Officer's recommendations are considered temporary orders.

In order to seek review of the Hearing Officer's recommendations, the aggrieved party is required to comply with the following procedure:

> (F) Within ten days after transmittal of the hearing officer's report and recommendation, any aggrieved party may serve and file objections in writing to findings or recommendations. The court will then hear the case de novo and enter judgment. For hearings utilizing the expedited process for establishment of paternity and establishment or enforcement of support, the delay for serving and filing objections shall be established pursuant to local rule as provided in R.S. 46:236.5.

Only then, "[i]f no objection has been timely filed and if the court approves the hearing officer's findings and recommendations, the court shall enter the proposed order as the judgment of the court which thereafter may be appealed in the same manner as any other appeal from any other judgment of the court." La. Ch.C. art. 423(G).

Even though the Hearing Officer repeatedly outlined the objection procedures with counsel for K.S., no objections were filed. Further, counsel for K.S. specifically rejected waiving the ten-day time delay more than once, as reflected in the hearing transcript.

In the present matter, K.S.'s continued custody hearing occurred on January 29, 2024. The Hearing Officer's recommendations were not read and signed until January 30, 2024. However, the OPJC Judge signed the four orders denying K.S.'s motions on January 29, 2024, in contravention with the procedures outlined in La. Ch.C. art. 423. Therefore, we find the orders signed prematurely by the OPJC Judge are invalid. Because the application for supervisory review was filed within ten days of the Hearing Officer's recommendations, we remand the matter to OPJC

8

to treat the application for supervisory review as a written and filed objection to the Hearing Officer's recommendations.[1]

## *DECREE*

For the above-mentioned reasons, we find the proper procedural requirements for challenging the validity of a Hearing Officer's duties were not followed. Further, we find the OPJC Judge prematurely signed the four orders denying K.S.'s motions in violation of La. Ch.C. art. 423. As K.S.'s application for supervisory review was filed within ten days of the Hearing Officer's recommendations, we grant the writ for the limited purpose of transferring the matter to OPJC for consideration of the application as a written and filed objection to the recommendations. The matter is remanded for further proceedings consistent with this opinion.

**WRIT GRANTED IN PART; REMANDED**

---

[1] Appellate courts perform similar conversions. *See Matter of Succession of Daison*, unpub., 21-285 (La. App. 5 Cir. 6/15/21), 2021 WL 2445782 ("We therefore grant this writ for the limited purpose of transferring it to the district court, with instructions to the district court to treat relator's timely-filed notice of intent as a timely-filed motion for appeal."). *See also Delahoussaye v. Tulane Univ. Hosp. & Clinic*, 12-0906 (La. App. 4 Cir. 2/20/13), 155 So. 3d 560, 562 (appellate courts may convert appeals to applications for supervisory review).