STATE OF LOUISIANA        *        NO. 2024-K-0733

VERSUS               *

                            COURT OF APPEAL

JARVIS TURNER        *

                            FOURTH CIRCUIT

               *

                            STATE OF LOUISIANA

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 452-747, SECTION "J"
Honorable Darryl A. Derbigny, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge
Sandra Cabrina Jenkins)

***JENKINS, J., DISSENTS WITH REASONS***

Jason R. Williams
District Attorney
Brad Scott
Chief of Appeals
ORLEANS PARISH DISRTICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR STATE OF LOUISIANA/RELATOR


Justin Caine Harrell
1100 Poydras Street, Suite 2900
New Orleans, LA 70163

      COUNSEL FOR DEFENDANT/RESPONDENT


                             **WRIT GRANTED;
                             RULING REVERSED

                             JANUARY 15, 2025**

*JCL*

*DLD*

The State of Louisiana ("State") seeks review of the district court's October 2, 2024 ruling, which granted Defendant Jarvis Turner's application for post-conviction relief on the grounds that his trial counsel deprived him of his constitutional right to testify at trial. After careful consideration, we grant the State's writ and reverse the district court's ruling.

Defendant was indicted on October 14, 2004, for two counts of armed robbery with a firearm. He was convicted by a jury on August 6, 2007, and sentenced to seventy-five years at hard labor on August 23, 2007. His conviction and sentence were affirmed on appeal. On December 2, 2009, Defendant filed an application for post-conviction relief, claiming ineffective assistance of counsel and alleging that his trial counsel, Edwin Hawkins, prohibited him from testifying. Over the course of years, Defendant filed supplemental memoranda and presented his case to various courts, eventually culminating in an evidentiary hearing on May 8, 2024.

During the evidentiary hearing, Defendant introduced affidavits from Nicole Heisser, a defense investigator; Richard Bourke, director of the Louisiana Capital Assistance Center; Christine Lehmann, a criminal defense attorney; and Majeeda

1

Snead, a clinical professor at Loyola University School of Law. Heisser stated in her affidavit that Defendant expressed a desire to testify during trial but was discouraged by Hawkins, who allegedly told Defendant, "You're not testifying." Heisser further stated that Hawkins expressed fear that Defendant would be "torn apart" on the stand, and that Defendant later said Hawkins should have allowed him to testify. Bourke's affidavit noted that in September and October 2009, Defendant contacted the Louisiana Capital Assistance Center to complain about communication issues with Hawkins on a separate, first-degree murder case and claimed he had been pressured to accept a plea to manslaughter. Lehmann and Snead provided affidavits discussing a possible conflict of interest between Defendant and Hawkins but offered no direct evidence concerning Defendant's alleged desire to testify. The State introduced a portion of the sentencing transcript reflecting Defendant's statement to the court that he had been denied the right to testify at trial and a portion of the trial transcript reflecting the defense resting its case.[1] The matter was then held open for testimony.

On June 26, 2024, Defendant testified that he had anticipated testifying at his trial and claimed Hawkins ignored his requests to do so. Defendant stated that Hawkins "shushed" him and ultimately told him it was Hawkins' decision, not Defendant's, whether he would testify. Despite these claims, Defendant failed to provide an affidavit or testimony from Hawkins, who was the only person with direct knowledge of the attorney-client discussions and strategic decisions regarding Defendant's testimony. Additionally, Defendant did not demonstrate any attempts to contact Hawkins or subpoena him for the hearing. Upon the conclusion of the hearing, the matter was submitted for briefing. On August 22, 2024, the

---

[1] The State also introduced a portion of the trial transcript containing the victim's testimony.

2

district court denied the State's procedural objections. On October 2, 2024, the district court granted Defendant's application for post-conviction relief. This writ follows.

The State argues three points of error: (1) the district court failed to apply a harmless error standard to the alleged denial of the right to testify; (2) Defendant failed to meet his burden of proof to establish that his right to testify was denied; and (3) the district court erred in denying the State's procedural objections.

As a general matter, "[t]he petitioner in an application for post[-]conviction relief shall have the burden of proving that relief should be granted." La. C.Cr.P. art. 930.2. We review a district court's ruling on an application for post-conviction relief for an abuse of discretion. *See State v. Henry*, 20-0412, p. 13 (La. App. 4 Cir. 10/29/20), 307 So.3d 249, 257. "[W]hen a trial court makes findings of fact based on the weight of the testimony and the credibility of the witnesses, a reviewing court owes those findings great deference, and may not overturn those findings unless there is no evidence to support those findings." *Id.* (quoting *State v. Thompson*, 11-0915, pp. 13-14 (La. 5/8/12), 93 So.3d 553, 563). However, when the trial court bases its ruling on an erroneous view of the law, we apply a *de novo* standard of review. *State v. Henry*, 20-0233, p. 13 (La. App. 4 Cir. 7/22/20), 302 So.3d 1167, 1169.

**1. Applicability of Harmless Error Analysis**

The State argues that claims of being denied the right to testify should be subject to a harmless error analysis. Although this Court is bound by the Louisiana Supreme Court's precedent in *State v. Hampton*, 00-0522 (La. 3/22/02), 818 So.2d 720, which held that such violations constitute structural error not subject to harmless error review, the State's position raises important considerations. The

3

rigid classification of all violations of the right to testify as structural errors, irrespective of their impact on the trial's outcome, may warrant reexamination. Such a standard risks unnecessarily reversing convictions where any error would have been harmless beyond a reasonable doubt. However, as this issue is controlled by Louisiana Supreme Court precedent, we proceed under the current legal framework.

## 2. Failure to Meet Burden of Proof

Under Louisiana law, a defendant seeking post-conviction relief for being denied the right to testify must provide specific facts and corroborating evidence, such as an affidavit or testimony from trial counsel. *See Hampton*, 00-0522, p. 14, 818 So.2d at 729-30; *State v. Rumley*, 14-1077, p. 31 (La. App. 4 Cir. 12/16/15), 183 So.3d 640, 662.

As our Court recently held in *State v. Lacourse*, 24-0089 (La. App. 4 Cir. 8/16/24), --- So.3d. ----, 2024 WL 3841457:

> A defendant has a constitutional right to testify in his own defense. La. Const. art. I, § 16; *State v. Dauzart*, []99-3471, p. 6 (La. 10/30/00), 769 So.2d 1206, 1207 (citations omitted). The denial of the right to testify after a criminal defendant unequivocally makes known his desire to do so is not amenable to a harmless error analysis. *State v. Hampton*, []00-0522, p. 10 (La. 3/22/02), 818 So.2d 720, 727. However, a presumption exists that a defendant knowingly waived his right to testify when he does not testify at trial; moreover, the defendant has the burden of proof to satisfy the criteria to refute that presumption. *State v. Rumley*, []14-1077, p. 31 (La. App. 4 Cir. 12/16/15), 183 So.3d 640, 661-62. The *Rumley* Court explained as follows:
>
> > When a criminal defendant does not take the stand to testify, a court should presume he has knowingly and voluntarily waived his right to do so. *State v. Marzett,* []13-0274, p. 13 (La. App. 4 Cir. 8/28/13), 123 So.3d 831, 839 (citing *Hampton,* []00-

0522, p. 14, 818 So.2d at 727). A defendant can only rebut such presumption by showing that his attorney caused him to forego his right to testify. *Hampton,* []00-0522, p. 14, 818 So.2d at 729 (quoting, *Passos–Paternina v. United States*, 12 F.Supp.2d 231 (D.P.R. 1998)). To make that showing a defendant must: (1) allege specific facts, and present an affidavit by his trial attorney, from which a court can reasonably find that the attorney informed the defendant "that he was legally forbidden to testify or in some similar way compelled him to remain silent;" and (2) demonstrate that the record would support a finding that those specific factual allegations would be credible. *Id.,* []00-0522, p. 14, 818 So.2d at 729-730.

*Id.*

In applying the first *Rumley* factor to rebut the presumption of a knowing waiver, Defendant herein neither cites specific facts or produces an affidavit from trial counsel to attest that counsel denied Defendant the right to testify. We also find the record devoid of any documentation that Defendant desired to testify at trial. Instead, Defendant makes merely conclusory, unsupported allegations in her brief. Such conclusory, unsupported allegations do not suffice for this Court to determine that her trial attorney legally forbade Defendant from testifying or compelled her to remain silent. *See State v. James*, []05-2512, p. 1 (La. 9/29/06), 938 So.2d 691 (' "mere conclusory allegations are insufficient' to rebut a presumption arising from a defendant's silence at trial that he waived his right to testify."). Accordingly, as Defendant has provided no supporting documentation to rebut the presumption that she knowingly and voluntarily waived her right to testify, Defendant's claim that her counsel was ineffective for denying her the right to testify lacks merit.

24-0089, pp. 10-11, --- So.3d. ----, ----, 2024 WL 3841457, at *5-6 (footnote

omitted).

In the case *sub judice*, Defendant failed to meet this burden of proof similar

to the defendant in the *Lacourse* case. The evidence presented by Defendant lacks

the corroboration required for post-conviction relief, particularly in cases alleging structural errors such as the denial of the right to testify. Heisser's affidavit is speculative and lacks critical details about private attorney-client discussions. Heisser was not present during key trial moments and admitted that her knowledge of the situation was secondhand. Similarly, the affidavits from Bourke, Lehmann, and Snead offer no direct evidence of Hawkins' actions during the trial or any record of Defendant asserting his right to testify.

Defendant testified that Hawkins ignored his repeated requests to testify and unilaterally decided he would not take the stand. However, Defendant presented no corroborating evidence to support these claims. Critically, Defendant did not provide an affidavit or testimony from Hawkins or demonstrate any attempt to contact or subpoena him. The portion of the trial transcript introduced by the State reflecting the defense resting its case undermines Defendant's claim, as it contains no record of Defendant asserting a desire to testify or objecting to Hawkins' decisions during the trial. Defendant's failure to introduce his trial transcript or any contemporaneous evidence to support his assertions highlights the speculative nature of his claims.

The district court's ruling creates significant concerns. Allowing uncorroborated, self-serving testimony to form the basis of post-conviction relief undermines the integrity of final judgments, incentivizes speculative claims, and overwhelms the judicial system with unsupported allegations. Structural error claims demand a high evidentiary standard to preserve judicial stability and public confidence. By requiring adequate corroborating evidence, courts ensure that legitimate claims are addressed while preventing frivolous litigation.

## 3. Denial of Procedural Objections

6

The State objected to Defendant's application under La. C.Cr.P. art. 930.8(B), arguing that Hawkins' unavailability to testify prejudiced its ability to rebut Defendant's claims. The district court denied these objections. Given Defendant's failure to meet his burden of proof, the State's procedural objections are moot.

## CONCLUSION

For these reasons, we grant the State's writ and reverse the district court's October 2, 2024 ruling granting Defendant's application for post-conviction relief.

**WRIT GRANTED; RULING REVERSED**